STATE, *ex rel.* E. C. JENNINGS, v. J. E. PEACOCK, County Judge, Volusia County.

171 So. 821.

Division B.

Opinion Filed January 4, 1937.

*M. S. McGregor,* for Plaintiff in Error;

*Murray Sams,* for Defendant in Error.

BUFORD, J.—Proceedings were instituted in County Judge's Court by a landlord to evict a tenant under Sections 3534-3542 R. G. S., 5398-5406 C. G. L., known as the Landlord and Tenant Statutes. The defendant made request for trial by jury. The respondent County Judge denied defendant's request, except on condition that defendant deposit in the County Judge's Court a sufficient sum of money to pay such jury its legal fees for serving as such jury and the defendant declined to deposit such sum of money, or any sum of money, to be used to pay a jury to try the cause. The County Judge, the respondent there and defendant in error here, then announced that no jury would be called, but that he would proceed to hear the trial and give judgment in the cause without a jury. On these facts, a writ of prohibition issued from the Circuit Court.

On motion an order was entered quashing the writ of prohibition and discharging the rule *nisi* and judgment entered against the relator.

Section 3539 R. G. S., 5403 C. G. L., is as follows:

"Trial.—The person in possession of said premises, and any person claiming possession thereof, may at the time appointed in said summons for showing cause, or before, file an affidavit with the county judge denying the facts upon which the said summons was issued, or any of the facts, and the matter therein controverted shall be tried by the judge, unless a jury be demanded, in which case it shall be tried by six legal jurors to be immediately summoned upon the order of the judge and empaneled for that purpose."

This was Section 4 of Chapter 3248, Acts of 1881.

Section 3546 R. G. S., 5410 C. G. L., applies to proceedings in *County Court,* not in County Judge's Court, and, therefore, if valid, has no application here.

Section 3 of the Declaration of Rights is as follows:

"The right of trial by jury shall be secured to all, and remain inviolate forever."

Section 4 of the Declaration of Rights is as follows:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

Section 3 of the Declaration of Rights is the paramount law of the land. Trial by jury is a right guaranteed by the State to every citizen in every case which requires jury trial. There are justiciable controversies which may be legally tried in the proper forum without the intervention of a jury. In cases, however, where trial by jury may be invoked the right to such trial is absolute and a defendant brought into court in such cases and required to submit to the jurisdiction of the forum for the adjudication of his rights of property or of liberty may look with confidence to the guarantee in the organic law and demand a trial by jury although he be penniless and without friends. If the State has been derelict in not providing a source from which jurors may be paid, such failure cannot be charged to defendant required to answer the process of the State. If it turn out that the jury must serve without pay it is unfortunate, but even such condition will not warrant a violation of the sacred right to trial by jury.

So, the judgment must be reversed and the cause re-

manded for further proceedings not inconsistent with the view herein expressed.

So ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—I think the trial court was correct in granting the motion to quash the rule *nisi*. Prohibition was not the proper remedy. See Peacock v. Miller, 123 Fla. 97, 166 So. 212, and the numerous Florida decisions therein cited. Also, I think the opinion is too broad in its pronouncements. It would have been sufficient for the purpose of deciding this case, even if plaintiff in error had pursued the proper remedy in the Circuit Court to have called attention to the fact that Section 5403 C. G. L. does not authorize the County Judge, when a jury is demanded, to require the demanding party to make a deposit to cover the cost which would thereby be entailed. But I believe the statute could have made this requirement in a case of this kind without violating the Constitution. The cardinal principal is that the essential features of trial by jury as known to the common law must be preserved. See 16 R. C. L. 196-199, 207; 35 C. J. 148, 186; Capital Traction Co. v. Hof, 174 U. S. 1, 43 L. Ed. 873; Maxwell v. Dow, 176 U. S. 581, 44 L. Ed. 597.