STATE, *ex rel.* E. C. JENNINGS v. H. B. FREDERICK, Judge, Seventh Judicial Circuit, Volusia County.

189 So. 1

Division A.

Opinion Filed May 19, 1939.

*M. S. McGregor,* for Relator;
*Murray Sams,* for Respondent.

BUFORD, J.—This matter is before us on motion for peremptory writ of mandamus where this Court issued alternative writ commanding respondent "Honorable H. B. Frederick as Judge of the Circuit Court of Volusia County, Florida, to issue rule absolute in prohibition in the case of State of Florida, upon the relation of E. C. Jennings, relator, v. J. E. Peacock as County Judge in and for Volusia County, Florida, respondent, now or heretofore pending in the Circuit Court of Volusia County, Florida, or show cause to the Supreme Court of Florida at Tallahassee, Florida, on the 24th day of May, A. D. 1938, at the hour of 10 o'clock why you refuse so to do."

The record shows that this is the second phase of this case here. See State, *ex rel.,* Jennings v. Peacock, 126 Fla. 743, 171 Sou. 821. After our mandate went down relator applied to Circuit Court for rule absolute in prohibition.

Motion was denied and relator instituted the instant proceedings in mandamus here.

Return to the alternative writ.shows, "Respondent admits that this Court by its decision dated January 4, 1937 (171 So. 821), reversed the Judgment of the Circuit Court in and for Volusia County, Florida, in the case of State of Florida upon the relation of E. C. Jennings, against J. E. Peacock as County Judge in and for Volusia County, Florida, in Prohibition, *and remanded said cause for further proceedings not inconsistent with the views of this Court in said decision expressed.*

"Respondent further admits that after said decision was entered and filed, Mandate was issued out of this Court therein, and filed in the office of the Clerk of the Circuit Court in and for Volusia County, Florida.

"Respondent further answering denies that application and motion were presented to this respondent by relator for a Rule Absolute in Prohibition on or about the 12th day of February A. D. 1937; respondent further denies that Exhibit 'A' attached to the Alternative Writ is a true and correct copy of the motion which relator filed with respondent for a Rule Absolute in Prohibition and respondent further denies that relator in person or by his attorney ever submitted to respondent, the form as attached to the Alternative Writ marked Exhibit 'B' as Rule Absolute in Prohibition.

"Respondent further answering says: That Relator did on February 18, A. D. 1937, file with the Clerk of the Circuit Court in and for Volusia County, Florida, a motion to vacate order quashing petition and for Rule Absolute herein; that thereafter on March 15th, A. D. 1937, relator submitted said motion to respondent for consideration for the first time; and that said motion was the only Motion to vacate Order Quashing Petition and for Rule Absolute that

was ever filed in said cause, all of which fully appears from a certified copy of said motion attached hereto marked Exhibit 'A' and by these apt words made a part of this answer or return.

"Respondent further answering says: That the foregoing motion hereto attached as Exhibit 'A' differs from the motion attached as Exhibit 'A' to the Alternative Writ of Mandamus herein, in this, that the motion hereto attached contains the following language, to-wit: 'and commanding the said J. E. Peacock, as County Judge aforesaid, to restore the said pending suit to the status which obtained in said suit on the date the order of this Court was made discharging the rule *nisi* in prohibition, to-wit, the 14th day of January, A. D. 1936,' as a part of paragraph 2 thereof, not contained or embraced in the copy of said motion attached as Exhibit 'A' to said Alternative Writ.

"Respondent further answering says: That after the filing of the aforesaid Motion to vacate Order Quashing Petition and for Rule Absolute in Prohibition shown as Exhibit 'A' of this Answer, for respondent's consideration in connection therewith the following papers were also filed, to-wit:

"(a) Certified copy of the Progress Docket of the County Judge's Court of Volusia County, Florida, in the case of Estelle Snowden, as agent of William E. Bird, Jr., plaintiff, against E. C. Jennings, defendant, Landlord and Tenant Proceedings, in which case the County Judge of said Court is, in and by these proceedings sought to be prohibited, as evidenced by certified copy thereof hereto attached marked Exhibit 'B' and by these apt words made a part of this answer or return.

"(b) Sworn objections of Honorable J. E. Peacock, as County Judge in and for Volusia County, Florida, who is the Judge in and by these proceedings sought to be pro-

hibited as evidenced by certified copy of said objection hereto attached marked Exhibit 'C' and by these apt words made a part of this answer or return.

"4. Respondent further answering says that thereafter, after due notice, a full opportunity was afforded all parties in interest to be heard, and argument of counsel, IT HAVING BEEN SHOWN AND MADE TO APPEAR,

"(1) That Respondent's Order of June 14th, A. D. 1936, in the case of State of Florida upon the relation of E. C. Jennings, Relator, against J. E. Peacock, as County Judge in and for Volusia County, Florida, respondent, In Prohibition, quashing and denying the Rule *Nisi* in Prohibition, *was not suspended on appeal.*

"(2) That the case of Estelle Snowden, as Agent of William E. Bird, Jr., plaintiff, against E. C. Jennings, defendant, Landlord and Tenant Proceedings, lately pending in the County Judge's Court, in and for Volusia County, Florida, to which these proceedings relate, was, on *January 24, 1936,* finally concluded by execution of a writ of Possession on a final judgment theretofore entered therein,

"(3) That the conditions and situation of the parties in interest had materially changed, and

"(4) *That the act sought to be prohibited* was, and for a long time prior to date of the entry of the decision of this Honorable Court on January 4th, 1937, *had been already done,* this respondent, as Judge of the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida, did *on May 4th, 1937,* enter its Order and Decree denying Relator's application for a Rule Absolute in Prohibition, as evidenced by certified copy of said order hereto attached marked Exhibit 'D' and by these apt words made a part of this answer or return.

"5. Respondent further answering says that Relator did not present to this Honorable Court his Petition for Writ

of Mandamus herein until the *9th day of July, 1937,* after the case in which it is, sought to compel Respondent to affirmatively act, had been fully considered and finally disposed of by Respondent on *May 4th, 1937,* as hereinbefore set forth.

"6. Respondent further answering says that the plaintiff in error or relator is not entitled to a Rule Absolute in Prohibition for the reasons stated, and attaches hereto a memorandum of authorities marked Exhibit 'E' in support of Respondent's Order of May 4th, 1937, attached hereto as Exhibit 'D.' "

Exhibits attached to the Return support the allegations of the Return.

The record shows that when writ of error was taken to order quashing the writ of prohibition and discharging rule *nisi* no supersedeas was perfected.

The record further shows that the parties proceeded to final judgment which was entered May 4th, 1937.

The record further shows "That the case of Estelle Snowden, as Agent of William E. Bird, Jr., plaintiff, against E. C. Jennings, defendant, Landlord and Tenant Proceedings, lately pending in the County Judge's Court, in and for Volusia County, Florida, to which these proceedings relate, was on *January 24, 1936,* finally concluded by execution of a Writ of Possession on a final judgment theretofore entered therein,

"That the conditions and situation of the parties in interest had materially changed, and

"*That the act sought to be prohibited* was, and for a long time prior to date of the entry of the decision of this Honorable Court on January 4th, 1937, *had been, already done.*"

It must be borne in mind that the proceding in the Circuit Court was in Prohibition, not Mandamus. That when the

Circuit Court rendered its judgment and no supersedeas was perfected on writ of error to this Court, the parties were at liberty to move and did move in the proceedings in the County Judge's Court with the result that those proceedings were terminated before the reversal by this Court of the judgment rendered in the Circuit Court in the Prohibition proceeding.

It appears well settled that, "Another distinguishing feature of the writ is that it is a preventive rather than a corrective remedy, and it issues only to prevent the commission of a future act, and not to undo an act already performed. When, therefore, the proceedings which it is sought to prohibit have already been disposed of by the court, and nothing remains to be done either by the court or by the parties, the cause having been absolutely dismissed by the inferior tribunal, prohibition will not lie, even though the case was thus disposed of after service upon the court of a rule to show cause why the writ should not issue. Nor will the suggestion that there are other suits of the same nature pending against the relator in the same court avail to procure the writ, since the court will not issue a prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases." See Sec. 766, page 710 of High's Extra-ordinary Legal Remedies.

Also see 50 C. J., page 662, paragraph 18, and authorities cited.

Under the factual conditions here presented the motion should be denied, the alternative writ quashed and the cause dismissed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.