114 So.2d 169 (1959)
STATE of Florida ex rel. R.C. MOTOR LINES, INC., a corporation, Petitioner,
v.
Alan S. BOYD, Wilbur C. King and Jerry W. Carter, as and constituting the Florida Railroad and Public Utilities Commission, and Jacksonville Transfer and Storage, Inc., as an interested party, Respondents.
Supreme Court of Florida.
May 27, 1959.
Rehearing Denied June 29, 1959.
Schwartz, Proctor & Bolinger and Richard B. Austin, Jacksonville, for petitioner.
Lewis W. Petteway, Tallahassee, for Florida Railroad and Public Utilities Commission, respondent.
Wayne K. Ramsay, Jr., Jacksonville, for Jacksonville Transfer and Storage, Inc., respondent.
THORNAL, Justice.
Petitioner R.C. Motor Lines, Inc. seeks a writ of prohibition to direct the respondent Commission to cancel and revoke a certificate of public convenience and necessity previously issued to respondent Jacksonville Transfer and Storage Inc.
We must determine whether prohibition is the proper procedure to accomplish the desired result.
A detailed delineation of the facts is unnecessary. On January 17, 1958, the respondent Commission issued a certificate of public convenience and necessity to the respondent Jacksonville Transfer and Storage Inc. The certificate authorized a general commodity auto transportation service between points in Nassau and Duval counties including Mayport and Jacksonville Beach. On March 12, 1958, the petitioner R.C. Motor Lines, Inc., hereafter referred to as "R.C.", requested the respondent Commission to revoke or modify the previously issued certificate insofar as it authorized the service to Mayport and Jacksonville Beach. The petitioner then contended that the issuance of the certificate was accomplished in violation of certain provisions of Section 323.29(1), Florida Statutes, F.S.A., and Chapter 17531, Special Acts of Florida, 1935. The petitioner took *170 the position that the cited statutes prohibited the respondent Commission from exercising its jurisdiction over carriers in certain sections of Duval County, including Mayport and Jacksonville Beach. The respondent Commission refused to revoke or modify any provision of the certificate previously issued to respondent Jacksonville Transfer and Storage Inc. The petitioner now comes with its original suggestion for a writ of prohibition seeking an order directing the cancellation or modification of the above mentioned certificate.
Petitioner contends that respondent Commission was without jurisdiction to issue the certificate.
Respondent Commission contends that even if there were any basic merit to the position of the petitioner, all of which is denied, nevertheless the results desired can not properly be accomplished in a prohibition proceeding.
A reference to the factual summary reveals that within less than 60 days from the issuance of the certificate, the petitioner was aware of its content and its potential effect on petitioner's operation. This is so because the record here reveals that in less than 60 days from the issuance of the certificate the petitioner moved the respondent Commission to amend it. Although this request was well beyond the time allowed by the rules of the respondent for the filing of a petition for rehearing it was within the time authorized for the filing of a petition for the issuance of a writ of certiorari. Sec. 350.641, Fla. Stat., F.S.A.; Rule 4.1 and Rule 4.5, subd. c, Florida Appellate Rules, 31 F.S.A.; Central Truck Lines, Inc. v. Boyd, Fla. 1958, 106 So.2d 547.
The issuance of the rule nisi in prohibition will have to be denied. We have several times announced that prohibition is a preventive rather than a corrective remedy. This extraordinary writ issues only to prevent the commission of an act. It is not an appropriate remedy to revoke an order already issued. The very name of the writ suggests its proper use. It is used to prohibit the doing of something, rather than to compel the undoing of something already done. State ex rel. Jennings v. Frederick, 137 Fla. 773, 189 So. 1; State ex rel. Losey v. Willard, Fla. 1951, 54 So.2d 183; State ex rel. Hendricks v. Hunt, Fla. 1954, 70 So.2d 301.
The prayer of the suggestion requests that we issue a rule nisi commanding the respondent Commission to revoke or amend the certificate which it had already issued and under which the respondent Jacksonville Transfer and Storage Inc., has been operating. In view of the rules above set forth the writ cannot issue. The prayer of the petition is denied and the suggestion for the writ is dismissed.
It is so ordered.
TERRELL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.