291 So.2d 134 (1974)
(Mrs.) J.A. MOFFETT, Petitioner,
v.
John D. MacARTHUR, Respondent.
No. 73-871.
District Court of Appeal of Florida, Fourth District.
March 8, 1974.
*135 Peter S. Penrose, Haines & Penrose, North Palm Beach, for petitioner.
Joseph P. Metzger and John T. Christiansen, Sales, Metzger & Christiansen, Palm Beach, for respondent.
OWEN, Chief Judge.
By common law certiorari, we review a judgment of the Circuit Court which, under its appellate jurisdiction, affirmed a judgment of the County Judge's Court. We conclude that the order under review departed from the essential requirements of law and must be quashed.
Petitioner was defendant in the County Judge's Court in an action for removal of tenant. Her answer to the complaint was filed on October 4, 1972, and on Friday, October 6th the landlord's attorneys served notice that the cause would be set for final hearing on the morning of Tuesday, October 10th. The courthouse was closed on the intervening Saturday, Sunday and Monday, the latter being a legal holiday. At the time for which the hearing was noticed, petitioner's counsel appeared and moved for a continuance which was denied. Petitioner's counsel thereupon filed with the court a demand for jury trial, serving a copy upon respondent's counsel. The demand for jury trial was denied on the grounds that such demand was not timely made and defendant did not deposit the costs.[1] The court then proceeded forthwith to conduct the trial non-jury following which the court entered judgment ordering removal of the petitioner from the demised premises.
On appeal to the circuit court petitioner raised as grounds for reversal, inter alia, the denial of her demand for jury trial. It is on this point only that we conclude that the Circuit Court, in affirming the judgment of the County Judge's Court, departed from the essential requirements of law.
This action for removal of tenant was brought under Section 83.21, F.S.A. which provides that the landlord is entitled to use the summary procedure provided in F.S. Section 51.011, F.S.A. Sub-paragraph 3 of the latter statute provides as follows:
"51.011(3) Jury.  If a jury trial is authorized by law, any party may demand it in any pleading or by a separate paper served not later than five days after the action comes to issue. When a jury is *136 in attendance at the close of pleading or the time of demand for jury trial, the action may be tried immediately; otherwise, the court shall order a special venire to be summoned immediately. If a special venire be summoned, the party demanding the jury shall deposit sufficient money with the clerk to pay the jury fees which shall be taxed as costs if he prevails."
Starting with the premise that a jury trial is authorized by law in an action for removal of tenant, Article I, § 22, Fla. Const. 1968, F.S.A.; State ex rel. Jennings v. Peacock, 1937, 126 Fla. 743, 171 So. 821, the first question is whether the demand for jury trial filed and served at the time of the "final hearing" on October 10th was timely, i.e., "served not later than five days after the action comes to issue". We do not decide exactly when, under this statutory language, the action "comes to issue", but in no event would it be earlier than Oct. 4, 1972 when the answer was filed. F.S. Section 51.011, F.S.A. does not prescribe the manner of computing the five days thereafter allowed to demand jury trial. We hold that the proper method of computing this five day period is to exclude the day upon which the cause "comes to issue", as well as any intervening Saturday, Sunday, or legal holiday. This is exactly the same as time is computed under the Rules of Civil Procedure.[2] Therefore, the demand for jury trial filed on October 10th was timely.
The second question is whether the denial of jury trial was justified by failure to deposit costs. We think it was not for either or both of the following reasons. In the first place, the record affirmatively discloses that at the time of making the demand for a jury trial, petitioner's counsel announced to the court that petitioner stood ready and willing to deposit sufficient money with the clerk to pay the costs upon being advised by the court as to the amount required. In the second place, we take judicial notice of the fact that on October 10, 1972, a jury pool was available at the Palm Beach County Courthouse to be drawn upon by the County Judge and hence a special venire within the contemplation of F.S. Section 51.011(3), F.S.A. was not required to be summoned in this case.
The order of the Circuit Court affirming the judgment of the County Judge's Court is quashed and this cause remanded with instructions that the judgment of the County Judge's Court be reversed and the cause remanded to that court for a jury trial.
Certiorari granted.
DOWNEY, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.
NOTES
[1] These reasons are assigned in the trial courts final judgment. The court reporter's transcript of the proceedings discloses that the trial court was also of the view that there were no factual issues involved for which a jury would be required.
[2] Rule 1.090(a), RCP, 30 F.S.A. "(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."