ERVIN, Justice.
This is an original proceeding wherein Petitioner Richard Harris seeks a writ of prohibition to restrain the Respondent, Honorable James A. McCauley, Circuit Judge, in and for Broward County, Florida from entertaining state prosecution against Petitioner for the alleged crime of rape.
The salient question in this case passed on adversely to Petitioner below and posed by him here in these proceedings is:
May an acting state attorney appointed pursuant to Section 27.16, F.S. validly sign felony informations when the appointed acting state attorney is not qualified to hold or carry out the duties of the regular state attorney under Art. V, Sec. 17, Revised Florida Constitution ?
We answer the question in the affirmative for the reasons hereinafter set forth.
Richard Harris alleges that he was informed against for rape by information filed in the Circuit Court of Broward County on March 11, 1974; that said information was signed and sworn to by Richard Purdy, as Acting State Attorney, who had been appointed to that office by the entry of an order issued by Honorable James Reasbeck, Circuit Judge, on March 8, 1974, said appointment to be for a period commencing at 8:30 Friday, March 8, 1974 through 9:00 on Sunday, March 17, 1974 (it appears from the record before us that this brief appointment was made upon the sworn petition of Phillip Shailer, State At *827 torney for Broward County, stating that he would not be present within this judicial circuit for this short period of time); that he was arraigned on March 18, 1974 and stood mute at the charge, and that the court entered a plea of not guilty on his behalf; that on March 27, 1974 he filed an amended motion to dismiss wherein he posted the foregoing question.
In the motion to dismiss filed in the trial court, Petitioner quoted the following pertinent portion of Article V, Section 17:
“ . . .A state attorney shall be an elector of the state and reside in the territorial jurisdiction of the circuit. He shall be and have been a member of the bar of Florida for the preceding five years. . . . ”
and the following pertinent part of Section 27.181, F.S.:
“(3) Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the dr£ ties of the state attorney appointing him, under the direction of said state attorney, except, however, that due to constitutional limitations, no such assistant may sign informations. He shall sign indictments and other official documents, except informations, as state attorney, and when so signed, the same shall have the same force and effect as if signed by the state attorney.”
He then stated in his motion that Richard Purdy does not qualify as state attorney under Art. V, Sec. 17, because he has not been a member of the bar of Florida for five years.
The state filed its answer to defendant’s motion to dismiss on April 1, 1974, wherein it stated that on March 11, 1974, Richard Purdy was Acting State Attorney pursuant to Section 27.16, F.S., the order of Judge Reasbeck dated March 8, 1974, and the oath filed March 8, 1974, signed by Richard Purdy; that Richard Purdy has been a member of the bar since May 18, 1970; that the information filed against Harris was signed by Richard Purdy as “Acting State Attorney” and not as State Attorney or Assistant State Attorney; that on March 11, 1974, the State Attorney for Broward County was Phillip Shailer who was a properly elected and qualified constitutional officer and that therefore there was no vacancy in said office to be filled nor was a vacancy filled; that all requirements of Section 27.16 were met .in the appointment of Richard Purdy as Acting State Attorney and said statute is not in conflict with Art. V, Sec. 17, Fla.Const.; and that the information filed in this cause is legal and proper in all respects. Hearing was held on this motion to dismiss before Respondent who after full consideration of the matter denied the motion to dismiss and found that the appointment of Richard Purdy as Acting State Attorney is in accordance with Section 27.16, F.S., that irrespective of the fact that the said Mr. Purdy has been a member of the Florida Bar for a period of less than five years, he is qualified to properly execute the information filed, that Section 27.16, F.S. is not incompatible with Art. V, Sec. 17, Fla. Const., and that
“the argument of defense counsel that the case of STATE ex rel. Treadwell v. Hall, 274 So.2d 537, should be applicable to the appointment of an acting State Attorney is not valid, and it is distinguishable in that in the TREADWELL case the pertinent section of the Constitution, as implemented by the Rules of Civil Procedure cited therein, specifically states the procedures set forth to assign County Judges to serve as Circuit Judges, whereas the Constitution is silent as to the appointment of acting State Attorneys to fill the temporary vacancies of State Attorney. It is the view of this Court that drafters of the Constitution intended Florida Statute 27.16 to control.”
Under Art. V, § 2(b) the assignment power for temporary judicial duty is restricted to judges who are qualified to perform the *828 duties of the courts to which they are assigned. No analogous restriction for temporary appointments of prosecuting officers appears in the Constitution or Section 27.16, F.S.
Section 27.16, Florida Statutes, provides:
“27.16 Appointment of acting state attorney. — Whenever there shall be a vacancy in the office of the state attorney in any of the judicial circuits of this state, either by nonappointment or otherwise, or if a state attorney shall not be present at any regular or special term of the courts of his circuit or, being present, shall from any cause be unable to perform the duties of his 'office or shall be disqualified to act in any particular case, the circuit judge of his judicial circuit shall have full power to appoint a prosecuting officer from among the members of the bar, with the consent of the member so appointed, to whom shall be administered an oath to faithfully discharge the duties of state attorney, and who shall have as full and complete authority, and whose acts shall be in all respects as valid as a regularly appointed state attorney. He shall sign all indictments and other documents as ‘acting state attorney.’ The power of the appointee shall cease upon the cessation of the inability or disqualification of the state attorney or the completion of the appointee’s duties in any particular case.” (Emphasis supplied.)
Section 27.16, F.S. in its original form was enacted many years ago but was revised and re-enacted in Ch. 73-334 to conform to Revised Article V of the Constitution.
Petitioner after the adverse decision below filed suggestion for writ of prohibition to this Court alleging that Judge McCauley is proceeding without or in excess of his lawful jurisdiction. Reasserting the identical argument raised below, Petitioner urges that Respondent by his denial of relator’s motion to dismiss assumed jurisdiction over a null, void and of no legal effect information.
Prohibition lies to prevent an inferior court from acting in excess of its powers. This Court has held that the writ of prohibition cannot be allowed to usurp the functions of an appeal or a writ of certiorari. It issues only to prevent the commission of an act, and is not an appropriate remedy to revoke an order already issued. State ex rel. R. C. Motor Lines, Inc. v. Boyd (Fla.1959), 114 So.2d 169; State ex rel. Shailer v. Booker (Fla.App.1970), 241 So.2d 720. Prohibition is designed to prevent the exercise of unlawful jurisdiction and is negative in nature. Wincor v. Turner (Fla.1968), 215 So.2d 3. Although prohibition is an inappropriate remedy in the instant cause, pursuant to revised Art. V, Section 2(a), this petition may be treated as a petition for writ of habeas corpus if the court finds that Petitioner’s allegations relative to the validity of the information have merit.
Section 27.16, F.S. relates only to the temporary appointment by the circuit judge of an attorney to fill an emergency role as prosecutor during a temporary vacancy or absence in the offie of state attorney by reason of nonappointment by the Governor of a state attorney or because the officially commissioned state attorney will not be present at a term of court, because of illness or disqualification or other reason, to perform the duties of the office. This statute provides the circuit judge of the circuit “shall have full power to appoint a prosecuting officer from among the members of the bar . . . ”
The statute is complete in itself and applies only to a temporary appointment. It makes no reference to or any incorporation of the qualifications of the regularly elected and commissioned state attorney for a four-year term as are provided in Section 17, Revised Article V, Florida Constitution *829 effective January 1, 1973, reading as follows:
“Section 17, State Attorneys. — In each judicial circuit a state attorney shall be elected for a term of four years. He shall be the prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law; provided, however, when authorized by general law, the violations of all municipal ordinances may be prosecuted by municipal prosecutors. A state attorney shall be an elector of the state and reside in the territorial jurisdiction of the circuit. He shall be and have been a member of the bar of Florida for the preceding five years. He shall devote full time to his duties, and he shall not engage in the private practice of law. State attorneys shall appoint such assistant state attorneys as may be authorized by law.”
The foregoing provision prescribes the constitutional qualifications for a regular commissioned state attorney for a term of four years or an unexpired portion thereof but not otherwise. It does not relate to a temporarily appointed prosecuting officer appointed by the circuit judge under Section 27.16, F.S.
Even without Section 27.16, F.S., the power is inherent in the circuit court to appoint an acting prosecutor from among the members of The Bar. We have held no statute is necessary to the exercise of such inherent power. See Kirk v. Baker (Fla.1969), 224 So.2d 311, text 317 and 318. Inasmuch as this power is inherent and is recognized by Section 27.16 and has reference only to temporary appointments within the discretion of the circuit court, the circuit judge is not therefore circumscribed in his selection of an attorney to serve as temporary prosecutor by other regulations, constitutional or statutory, which apply to the electoral qualifications prescribed for the eligibility of persons who may be elected state attorney or appointed to that office by the Governor.
Neither is the circuit judge restricted either inherently or by Section 27.16 in his temporary appointive power to the qualification criteria prescribed for assistant state attorneys in Section 27.181, F.S.
Common sense dictates that special temporary appointments of attorneys for pros-ecutorial service by circuit judges should not be restricted by their time of membership in the Bar. In some circuits because of the scarcity of practitioners eligible under the general qualifications for election to the office of state attorney the circuit judge might be hard pressed to make a temporary appointment with the consent of the appointee as the statute requires. Moreover, many attorneys by aptitude and experience are hardly fitted for criminal prosecutorial work. To narrow the field of eligible attorneys for temporary appointment would be a distinct disservice in the expeditious dispatch of criminal cases. It is well known that prosecutors’ staff members are frequently drawn from younger members of the Bar, many having just graduated from law school and passed the Bar. A degree of confidence necessarily should be reposed in the circuit judge that he will not appoint an attorney as temporary prosecutor whose limited experience and capacity renders him unfit for the role.
Technical impediments should not be thrown in the way of the circuit judges’ temporary appointment power; nor should eligibility requirements be implied denying young attorneys opportunity for prosecu-torial service including the responsibility and experience gained in the process.
It is not our duty to incorporate restrictions upon the discretionary powers of circuit judges in making temporary appointments. They should be free to follow the literal language of the empowering statute unhobbled by extraneous extrapolations. Unless the appointive statute expressly incorporates a restriction it should not be injected by implication. To do so is judicial legislation and represents personal *830 policy predilections alien to the interpretative process.
The petition is denied.
ADKINS, C. J., and BOYD, McCAIN and OVERTON, JJ, concur.
ROBERTS, J., dissents with opinion, in which DEKLE, J., concurs.