360 So.2d 388 (1978)
STATE of Florida ex rel. SARASOTA COUNTY, Etc., Relator,
v.
Chief Judge Tyrie A. BOYER et al., Respondents.
No. 49794.
Supreme Court of Florida.
May 31, 1978.
*389 Richard E. Nelson, Richard L. Smith and Leslie Telford, of Nelson, Hesse, Cyril & Weber, Sarasota, for relator.
Parker D. Thomson and Robert T. Wright, Jr., of Paul & Thomson, Miami, for respondents.
*390 BOYD, Justice.
Sarasota County has suggested[1] that a writ of prohibition be issued to the First District Court of Appeal in a case[2] pending there. After a "show cause" order was issued and a return received, oral arguments were held. We have decided that the peremptory writ should not be issued.
The facts of the case are contained in relator's suggestion and the parties' briefs. General Development Corporation is developing Myakka Estates, an 8,000 acre planned residential community in the City of North Port in Sarasota County. By virtue of its substantial impact on the health, safety or welfare of citizens of more than one county, the development is a DRI (development of regional impact), as defined within the Environmental Land and Water Management Act, Chapter 380, Florida Statutes.[3] The Act sets out an approval process for a DRI to be located within the jurisdiction of a local government that has adopted a zoning ordinance.
That process was followed in this case. General Development submitted to the City an application for development approval. The application laid out a master plan for the full development and requested approval to develop four units. The application was approved by order of the City. But the City stated in the order that, as to each increment of units beyond the initial one, a new application for development approval would have to be submitted. An application for the first additional increment of units (units 5, 6 and 7) was subsequently submitted to the City. Following hearings on the application the City entered a conditional order approving it. The Southwest Florida Regional Planning Council and the Division of State Planning appealed the second order, as they are entitled by the Act to do, to the Land and Water Adjudicatory Commission.
The Commission appointed a hearing officer to hear preliminarily the matter. At this juncture Sarasota County was allowed to intervene. On October 6, 1975, following a pre-hearing conference, the hearing officer ordered that the final hearing on the appeal would be a de novo hearing, and General Development Corporation would present its entire case for approval of units 5, 6 and 7. The officer stated in the order that he was aware of the proceeding held before the City for approval of the master plan. But, he stated, he had reviewed the transcript and had found the proceeding not to have been conducted in compliance with the Administrative Procedures Act. He ordered, therefore, that a full formal hearing was required[4] as to approval of the three units comprising the first additional increment.
General Development moved that the final hearing be postponed for consideration of the question whether approval of a DRI could be broken into a master plan approval and increment approval to follow. The motion was heard and on January 14, 1976, the hearing officer entered a comprehensive pre-hearing order. The order set down the time and place of the final hearing and, once again, declared the scope of the hearing would not be limited by the initial order of approval for the master plan. Furthermore, as in the October 6th order, it ordered General Development to open the hearing with a presentation of its entire case for approval of units 5, 6 and 7.
On February 6, 1976, General Development, under authority of the APA,[5] petitioned the District Court of Appeal for review of the Comprehensive Prehearing Order. Its argument against the order was that the hearing officer had erred in interpreting the APA as it applied to the proceeding before the City on the initial development application and that the error was *391 forcing it to participate in a hearing that would be much more expensive and complex than necessary. The expense and complexity would be generated, it argued, because approval of the master plan for the additional units would have to be gained. If the hearing were limited as General Development wanted, it would have to show only that the additional units were in compliance with the master plan. Sarasota County moved to dismiss the petition for two reasons. One was that an adequate remedy would be provided by review of the final agency decision. (Nonfinal agency action is not reviewable if review of the final decision provides an adequate remedy. See Section 120.68, Florida Statutes.) The second was that the petition was untimely since the issues raised were first decided in the October 6th order. The District Court refused to dismiss the petition.
By way of the suggestion for prohibition Sarasota County renews its claim that the District Court lacks jurisdiction to consider General Development's petition. Under traditional notions of prohibition, a superior court's prohibition power is properly invoked where it has appellate or supervisory jurisdiction over an inferior tribunal about to act beyond its jurisdiction.[6] But, General Development contends, whether the traditional test for prohibition is met or not, this Court's prohibition power, as to district courts of appeal, may be applied only in an extremely narrow class of cases. The Constitution confers on this Court jurisdiction to "issue writs of prohibition to courts and commissions in causes within the jurisdiction of the supreme court to review." Article V, Section 3(b)(4), Florida Constitution. General Development traces the history of this Court's decisions on prohibition power under the 1885 Constitution and concludes that, under the present Constitution, as to decisions of district courts of appeal, our prohibition power is confined to cases that fall within the jurisdiction conferred by Section 3(b)(1) of Article V. That section confers jurisdiction to review district court decisions "initially and directly passing on the validity of a state statute or federal statute or treaty, or construing a provision of the state or federal constitution." We will not adopt such a severely restricted view of our power of prohibition. We have not done so in practice in the past. If prohibition is to remain a preventive remedy, to adopt such a construction would leave us with no prohibition power whatsoever, and, therefore, would make the constitutional provision meaningless.
These are a few of the occasions when we have entertained suggestions of prohibition directed to district courts of appeal, on a basis other than the one urged by General Development, and have found our prohibition power to have been invoked properly: to enforce dismissal of an untimely petition for review of agency action,[7] one of the bases for Sarasota County's suggestion in this case; to consider the taking of an appeal when the notice was prematurely filed;[8] and to consider acceptance of a transfer of an appeal from a sister court with whom the appeal had been filed mistakenly.[9] None of the cases involved the validity of statutes or treaties or a constitutional construction. Were we to adopt General Development's viewpoint we would lose not only our prohibition authority over the above-mentioned cases, but over nearly every other case in the district courts, as well. Moreover, we would open to challenge suggestions for prohibition in an equally significant group of cases in trial courts.
Furthermore, and most importantly, General Development's construction would completely strip this Court of the remedy of prohibition, or else would fly in the face of the writ's purpose. Prohibition is preventive *392 and not corrective.[10] It cannot be used to revoke an order already entered.[11] Nor will it lie where proceedings have been completed.[12] It cannot be known whether a district court decision will pass on a statute's validity or construe the Constitution so as to give us jurisdiction to review, until the decision has been rendered. At that juncture it is too late to apply the preventive measure of prohibition.
Sarasota County's construction of our constitutional power of prohibition is much broader than General Development's. The County says any district court decision which we may review is subject to our prohibition. It would include, therefore, the various decisions of district courts, reviewable by certiorari. But the construction is plagued by the same problem. How can we know if we have jurisdiction of the decision until it has been decided? And, then, how can we issue a preventive writ to undo what has been done? The answer is that we may review by prohibition any case pending in the district court if the relator shows us that on the face of the matter it appears that the district court is about to act in excess of its jurisdiction.
This answer flows from one of two sources. First, we have found prohibition jurisdiction invoked properly where there has been shown our potential to review a pending proceeding upon its conclusion. For example, in Tsavaris v. Scruggs,[13] we issued a rule nisi in prohibition in the pending trial of a defendant accused of a capital crime. We did not know, of course, whether conviction would result and a sentence of death would be imposed so as to give us jurisdiction by direct appeal.[14] But, we knew the possibility of a death sentence was real, since the crime charged was a capital offense. Second, to narrow our prohibition power more than within the bounds we have set in this opinion would run afoul of a command of the Constitution. No cause in this state is to be dismissed because an improper remedy has been sought.[15] Article V, Section 2(a), Florida Constitution. At the same time we have held that
Once a petitioner seeks relief in a particular court by means of a petition for an extraordinary writ . .. he has picked his forum. He is not entitled to a second or third opportunity for the same relief by the same writ in a different court. Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975).
Undoubtedly, we would be besieged by suggestions for prohibition that properly, under any narrow construction of our prohibition power, would lie only in the district court.[16] We would then have to overrule or modify Jenkins in order to avoid collision with the Constitution's command concerning "improper remedies." Today's decision to allow prohibition in any case pending in a lower court about to act in excess of its jurisdiction rescues the Court from such an unhappy result.
Our jurisdiction has been properly invoked in this case. But, it does not follow that the writ of prohibition should issue. Section 120.68(1), Florida Statutes, of the Administrative Procedure Act provides judicial review of nonfinal agency action if the review of the final agency decision would not prove an adequate remedy. That review of a final decision by the administrative agency in this case would not provide an adequate remedy is a decision the District Court made when it denied Sarasota County's motion to dismiss. In essence, Sarasota County is asking us to hold that the District Court abused its discretion in so deciding. This we will not do. It is for the district courts of appeal to determine the adequacy of remedies after final agency *393 decision in order, then, to determine the availability of a preliminary appeal under Section 120.68(1), Florida Statutes; this Court will not review their judgment on the basis of that issue, alone.[17]
Sarasota County asks us to issue the writ, also, for the second reason advanced in its motion before the District Court. It claimed the petition was not timely since the disputed issues were decided in the October order. General Development concedes the content of the October order and that its petition was untimely if taken from that order. But it indicates that the order had no content until the substantive law to be applied by the hearing examiner was determined by the comprehensive order entered in January. At that point, argues General Development, the content of the October order became so enmeshed with the comprehensive order that all aspects of the latter were reviewable. As a general rule, of course, matters determined in an order which has become final without appeal are not later subject to appellate review simply because a later order affected those matters or applied them to other interlocutory matters under consideration by a hearing examiner. In the posture of this proceeding, however, we are unwilling to say that prohibition is available to prevent the District Court from independently considering whether the October 6 procedural orders were so intertwined with the later substantive rulings as to make the former of no substance without the latter. Just as with the determination as to adequacy of remedy, the District Court was free to evaluate the entangled nature of the respective orders and it was free to decide whether, in this case and under these circumstances, an earlier and final procedural order would be the subject matter of review when later incorporated by reference in a more comprehensive order containing both substantive and procedural matters. Prohibition is simply not available to prevent the District Court from exercising its discretion in these decisions.
The Rule Nisi in prohibition is discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] The County also petitioned for a writ of certiorari, based on conflict. We have determined that conflict is absent.
[2] General Development Corp. v. The Florida Land and Water Adjudicatory Commission, et al., District Court of Appeal Case No. BB-69.
[3] See § 380.06(1), Fla. Stat.
[4] § 120.57, Fla. Stat.
[5] § 120.68(1), Fla. Stat.
[6] English v. McCrary, 348 So.2d 293, 296-298 (Fla. 1977).
[7] State ex rel. Florida Department of Natural Resources v. District Court of Appeal, Second District, 355 So.2d 772 (Fla. filed February 16, 1978).
[8] State ex rel. Shevin v. Rawls, 326 So.2d 173 (Fla. 1976).
[9] State ex rel. Shevin v. Rawls, 290 So.2d 477 (Fla. 1974).
[10] English v. McCrary, note 6, above.
[11] State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974).
[12] State ex rel. Jennings v. Frederick, 137 Fla. 773, 189 So. 1 (1939).
[13] Sup.Ct. Case No. 48,637, 360 So.2d 745, Opinion filed March 17, 1977, reh. denied.
[14] Art. V, § 3(b)(1), Fla. Const.
[15] See, e.g., Rule 9.040(c), Fla.R.App.P.
[16] See Art. V, § 4(b)(3), Fla. Const.
[17] If district court decisions conflict on the availability issue in "cases on all fours" we may take jurisdiction by certiorari. But we will not issue prohibition to disturb the district court's right to make the decision.