390 So.2d 389 (1980)
Elton H. SCHWARZ, Public Defender of the Nineteenth Judicial Circuit, On Behalf of All Indigent Juvenile Detainees, Petitioner,
v.
Philip G. NOURSE, Circuit Judge, Respondent.
No. 80-1426.
District Court of Appeal of Florida, Fourth District.
October 29, 1980.
Rehearing Denied December 17, 1980.
*390 Elton H. Schwarz, Public Defender, and Paul B. Kanarek, Chief Asst. Public Defender, Vero Beach, for petitioner.
Margaret Mann Blanton, Grall & Saliba, Vero Beach, for respondent.
BERANEK, Judge.
This matter has been considered on common law certiorari. The Public Defender of the Nineteenth Judicial Circuit attacks an order entered by respondent, a Circuit Judge. The order is set forth in full as follows:
 IN THE CIRCUIT COURT OF THE
 NINETEENTH JUDICIAL CIRCUIT IN
 AND FOR ST. LUCIE COUNTY, FLORIDA
 CASE NO. 80-10
 C.J. Miscellaneous
 IN RE: Juvenile Act of 1980
 (SENATE BILL 0409)
 ____________________________________/
THIS CAUSE came on to be heard upon the oral request of various law enforcement officials of St. Lucie County, Florida, for guidance as to the aforesaid Act, and the State Attorney and Public Defender having been notified of the hearing, the Court finds as follows, to-wit:
The Act is confusing, impractical and not reflective of the intentions of the Legislators, i.e.:
1. The Legislature did not intend that children (some of which are thugs) when caught in the act of committing a serious crime such as burglary of a home, threatening children, scaring old people into a heart attack, eluding police officers in a wild chase down the highway, driving while intoxicated, leaving the scene of an accident, etc. BE TURNED LOOSE ON THE SPOT AND NOT BE DETAINED IN THE JUVENILE DETENTION CENTER pending the usual detention hearing.
2. The Legislature did not intend that the Courthouse remain open all night, seven days a week, in order to provide "record" information to authorities as to a juvenile's background (for purposes of determining detention).
3. The Legislature did not intend that juvenile thugs who assault detention home employees, incite riots therein or otherwise become uncontrollable be RELEASED OUT OF THE DETENTION HOME TO HARASS SOCIETY, but that the Legislature still desires that such *391 thugs to transferred to a county jail in order to maintain safe detention facilities for other detainees as well as to maintain law and order for all concerned.
4. That the juvenile social experiment referred to by the United States Supreme Court in re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), while of some benefit to society, by and large as now constituted, is a national disgrace.
5. That it is probably unconstitutional as it deprives citizens (who happen to be young) of equal rights and equal protection under the law of the United States Constitution, such as jury trials, right to bail, a fair trial, etc.; and that as presently practiced, it needlessly permits some young thugs to trample upon the person and property of undefensible (sic) women, children and senior citizens.
It is therefore
ORDERED AND ADJUDGED that pursuant to the inherent authority of this Court[1] and pursuant to the words "UNLESS OTHERWISE ORDERED BY THE COURT" (F.S. 39.032(2) set out in the new statute, this Court "IS OTHERWISE ORDERING" that henceforth all juveniles caught in the act of or arrested for committing any serious crime, may be detained in a detention home pending the usual detention hearing required by law irrespective of the opinions, rules or regulations of the Florida Department of Health and Rehabilitative Services. When considering whether or not an offense is serious, the opinion of the officer and the opinion of the victim shall be given great weight. The officer shall have the authority to override the Department should he feel it desirable to protect society from the juvenile or that it is in the best interest of the child. It is further
ORDERED AND ADJUDGED that any language in the new Act repealing, contradicting or conflicting with the language (F.S. 39.032(a)(2) authorizing the jailing of a juvenile thug, which language recites as follows:
"When the court determines, upon the recommendation of the superintendent of the detention home, that the child would be beyond the control of the detention home staff ... he may be confined to jail."
be and the same is hereby declared unconstitutional because it is arbitrary, capricious, unworkable, inequitable, and because it violates the constitutional rights of the remainder of the citizenry to a free and safe society in which to live. See Aldana v. Holub, 381 So.2d 231 (Fla.). See also Section 21, Florida Declaration of Rights. The repealing language amounts to fostering upon the public a public nuisance and would result in excessive force being used to subdue the offending juveniles as well as subjecting confined cooperating children to physical danger if they refused to go along with "their peers." This Court refuses to believe that, in the proper situation, the Legislature intended to release murderers, robbers, rapists, kidnappers, etc., from detention out into the streets just because they cannot be controlled in the detention center. (In passing, the Court would like to comment that it appears that this Act was approved by the Senate on June 4, 1980, by a vote of 99 yeas and 0 nays, thus causing the Court to believe that perhaps the Legislators sometimes don't read, much less understand the laws that they pass in their hurry to adjourn and get home.)
This Court reserves jurisdiction of this matter for the purpose of making this Act comply with the constitutional law, with common sense, and with an eye of trying to improve the law and order in this community.
DONE AND ORDERED in Chambers at Fort Pierce, St. Lucie County, Florida, this 18th day of July, 1980.
 /s/ PHILIP G. NOURSE 
 PHILIP G. NOURSE,
 CIRCUIT JUDGE
*392 We are aware of no authority by which a circuit court may issue an advisory opinion based on an oral request in a non-existent legal proceeding. It has generally been held that courts do not have the power to give legal advice or opinions. Dobson v. Crews, 164 So.2d 252 (Fla. 1st DCA 1964), affirmed 177 So.2d 202 (Fla. 1965); Collins v. Horten, 111 So.2d 746 (Fla. 1st DCA 1959). Furthermore, where an advisory opinion is sought the proceedings are not within the Declaratory Judgments Act, B.P.O.E. v. Dade County, 166 So.2d 605 (Fla. 3d DCA 1964). In State Department of Health and Rehabilitative Services v. Golden, 350 So.2d 344 (Fla. 1976), a circuit court entertained a declaratory action by the State Attorney against the Division of Youth Services of the Department of Health and Rehabilitative Services. Although individual litigants were not involved, there were at least parties before the court. In the instant case, the order is purely advisory and abstract. The only provision in Florida law for advisory opinions is in Article IV, Section 1(c) of the Florida Constitution. This authorizes the Governor to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the constitution upon any question affecting his exclusive powers and duties. No other advisory opinions are authorized within the courts of Florida. The function of the courts should be limited to controversies between actual litigants. Here, the trial court issued the order upon the "oral request of various law enforcement officials."
Our theory of government is that of separation of powers. The Legislature and not the court is responsible for legislating. It may well be time to drastically change the laws on juveniles. As a former circuit judge of the Juvenile Division, I also have several ideas about how I would like to drastically revise the "juvenile social experiment" referred to by the trial court. Judges of Courts cannot do so because we were not elected to the Florida Legislature.
The order below is hereby vacated.
ORDER VACATED.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] Courts have the inherent power to do all things that are reasonably necessary for the administration of justice within the scope of their jurisdiction. It has been said that courts have inherent power ... take appropriate action in cases of contempt, and to do various other things to maintain order and to function properly as a court. 20 Am.Jur.2d Sec. 7-9.