394 So.2d 577 (1981)
STATE of Florida ex rel. DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and D. Jarrard, Petitioners,
v.
Honorable John J. UPCHURCH, Chief Judge of the Seventh Judicial Circuit Court of Florida, Respondent.
No. 80-1186.
District Court of Appeal of Florida, Fifth District.
March 4, 1981.
*578 Chester G. Senf, Asst. Gen., Counsel, Dept. of Health & Rehabilitative Services, Tallahassee, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Judge.
Petitioners have filed an original proceeding seeking a writ of prohibition directed to the respondent as the chief judge of the Seventh Judicial Circuit, seeking to set aside an order entered by the respondent, entitled "Order Establishing Additional Juvenile Detention Criteria"[1] and made effective in the four counties within said circuit, Flagler, Putnam, St. Johns and Volusia. Petitioners attack said order as being without the jurisdiction of the chief judge because it is not an "administrative order" as defined in Rule 2.020, nor is it a local court rule within the scope of Rule 2.050 of the Florida Rules of Judicial Administration.
The Florida Legislature in 1980 amended section 39.032(2), Florida Statutes to read as follows:
Unless otherwise ordered by the court, a child taken into custody shall not be placed or detained in a secure facility prior to the disposition by the court unless:
(a) The child is from another jurisdiction and is an escapee from a commitment program or an absconder from probation, a community control program, or parole supervision for an offense which, if committed by an adult, would be a violation of law, or the child is wanted by another jurisdiction for an offense which, if committed by an adult would be a violation of law;
(b) The child requests protection in circumstances that appear to present an immediate threat to his personal safety;
(c) The child is charged with a capital felony, life felony, or felony of the first degree; with a crime of violence, that is, murder in the third degree, manslaughter, sexual battery, robbery, aggravated battery, or aggravated assault; or with two or more serious serious property crimes arising out of separate transactions;
(d) The child is charged with a serious property crime; that is, burglary as defined in § 810.02(2) and (3) or arson; or *579 with the sale or manufacture of, or the trafficking in, a controlled substance; which if committed by an adult would be a felony; and
(1) He is already detained or has been released and is awaiting final disposition of his case;
(2) He has a record of failure to appear at court hearings;
(3) He has a record of violent conduct resulting in physical injury to others; or
(4) He has a record of adjudications for serious property offenses.
The order in question obviously expands the situations in which the intake officer "shall detain" juveniles in a secure facility. Petitioner contends that this order is unlawful, while respondent contends that as chief judge he has this power because of the opening portion of the amended statute which reads "unless otherwise ordered by the court... ."
The initial question presented by this petition is whether prohibition is a proper remedy in this instance. Prohibition is a preventive, rather than a corrective remedy; it acts only to prevent the commission of an act, and is not an appropriate remedy to revoke an order already issued. English v. McCrary, 348 So.2d 293 (Fla. 1977); State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974); State ex rel. R.C. Motor Lines, Inc. v. Boyd, 114 So.2d 169 (Fla. 1959); State ex rel. Jennings v. Frederick, 137 Fla. 773, 189 So. 1 (1939); State ex rel. Shailer v. Booher, 241 So.2d 720 (Fla. 4th DCA 1970).
This extraordinary writ issues only to prevent the commission of an act. It is not an appropriate remedy to revoke an order already issued. The very name of the writ suggests its proper use. It is used to prohibit the doing of something, rather than to compel the undoing of something already done.
114 So.2d 169, 170. Thus prohibition is not a proper remedy in this instance where the order has already been entered.
Although prohibition is an improper remedy, we have determined to treat the petition as a petition for certiorari, which we are authorized to do under Rule 9.040(c), Florida Rules of Appellate Procedure. See State ex rel. Wainwright v. Booth, 291 So.2d 74 (Fla. 2d DCA 1974). We consider then the question of whether the respondent departed from the essential requirement of law in promulgating the contested order.
This order does not arise out of any adversary proceeding, nor does respondent contend that this order was adopted as a "local rule." He does contend, however, that the order is consistent with the definition of an administrative order and further comes within the purview of his authority as chief judge to issue a plan "which shall include an administrative organization capable of effecting the prompt disposition of cases ..." Fla.R.Jud.Admin. 2.050(b)(3).
Rule 2.020(c), Florida Rules of Judicial Administration, defines an administrative order as "a directive necessary to administer properly the court's affairs, but not inconsistent with the constitution ..." We do not construe the order in question as one necessary to administer the court's affairs. Instead, it is an attempt to legislate in the area of juvenile law, a function expressly delegated to the Legislature by the constitution. It is clear from the closing language of the section of the statute under consideration that the Legislature intended that the criteria for placement in a secure detention facility set forth in that section "shall govern the decision" in determining whether a secure detention facility is warranted unless otherwise ordered by the court on a case by case basis. To give any other meaning to the statute would be to permit the court to amend the obvious statutory intent, which is not constitutionally permissible.
We understand the purpose and intent of the administrative order and perhaps would amend the statute in like manner were we permitted by law to do so. However, as was aptly said in the case of Schwarz v. Nourse, 390 So.2d 389 (Fla. 4th DCA 1980), *580 where an order of similar import was vacated:
Our theory of government is that of separation of powers. The Legislature and not the court is responsible for legislating. It may well be time to drastically change the law on juveniles... . Judges of Courts cannot do so because we were not elected to the Florida Legislature.
390 So.2d at 392.
The respondent acted in excess of his jurisdiction, so we have no choice but to vacate the order below.
ORDER VACATED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] The order, exclusive of its formal parts, is set forth here in full.

WHEREAS, it has been made known to the undersigned that the prompt and expeditious administration of Justice and the processing of Circuit Court Juvenile cases in Flagler, Putnam, St. Johns and Volusia Counties, requires an Order establishing additional Juvenile Detention Criteria:
WHEREAS, F.S. 30.032(2), 1980, enumerates the criteria for secure detention of children prior to the court's disposition. These criteria are narrow in scope and do not consider other situations which may endanger the child or jeopardize the community if the child is not initially detained.
Pursuant to those further provisions of this statute which authorize the court to "otherwise" order detention in a secure facility, it is ADJUDGED:
1. The intake officer responsible for detention screening shall detain in a secure facility any child who:
a) is an escapee from a commitment program in Florida,
b) is currently under a Florida probation or community control order and is newly charged with a felony,
c) is a runaway from another State, and is charged with a crime either in that State or in Florida,
d) has been ordered into custody by a Florida Court,
e) who is, by virtue of involvement in drugs or alcohol, or any uncontrollable mental disability, unable to control his or her own conduct, as evidenced by such activities as to place the said child in clear and present danger, or to cause an immediate danger to the community unless the child is temporarily detained.
f) is charged with criminal mischief and the damage is more than $1,000.00.
2. Children detained under this Order will be presented for hearing within the time prescribed by law.