## ASH v DADE COUNTY, etc.
### Case No. 85-334-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
August 27, 1986

### APPEARANCES OF COUNSEL

**Joaquin Perez,** Legal Services of Greater Miami, Inc., for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Thomas H. Robertson,** Assistant County Attorney, for appellee.

Before SALMON, ROBINSON, KORNBLUM, JJ.

### OPINION OF THE COURT

ROBINSON, J.

This case is before the Court on appeal from the County Court. There the Court entered judgment against the Appellant, MARY ASH,

for possession of her public housing apartment owned by Dade County Department of Housing and Urban Development.

Ms. Ash was duly notified of her arrears by a fourteen day notice to pay or vacate possession pursuant to § 83.56, F.S., and 24 C.F.R. 880.607(c)(2). After fourteen days were over but before the suit was filed, the defendant alleges tender of rent by money order. The money order was not received by the landlord. A subsequent tender was refused. The defendant within five days of being served filed an answer through her attorney to the complaint which included a motion for dismissal and a number of affirmative defenses. The defenses implicitly raised the issue of whether the correct amount of rent owed was the amount pled. In addition the defendant denied owing the rent. Though she alleged tender she did not allege payment.

Upon oral motion the trial judge, specifically stating he was adhering to a strict construction of the provision of § 83.56, F.S., (sic), held that the deposit must be made at the time pleadings are filed.

§ 83.60(2), F.S., states that "in an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the Court the accrued rent as alleged in the complaint or as determined by the Court and the rent which accrued during the pendency of the proceeding, when due." Failure to comply subjects the tenant to an immediate default.

The statute does not specifically state when the deposit should be made nor does the statute spell out when determination by the Court is proper. Obviously such determination would be made if the tenant asked for a determination in his answer. In this case the tenant raised issues which on their face indicate a need for such determination, specifically the allegation that the rent alleged is not owing.

A number of factors has led this Court to the conclusion that the defendant should have the right to deposit the accrued rent at any time up to the commencement of trial.

1. The determination of amount can only be made by the judge prior to trial. Actions for possession are governed by Section 51.011, F.S., Summary Procedure, which states that "[a]ll defensive motions . . . shall be heard by the Court prior to trial." The Court must advance these cases on its calendar, F. S. 83.59(2).

2. Interpreting this unclear statute as was done by the trial court would be unconstitutional, a violation of the defendant's access to the courts guaranteed by Art. 2, Sec. 21, Fla. Const. Ambiguous rules or

186

statutes should be construed in favor of, not in restriction of this right. "Any restrictions thereon should be liberally construed in favor of this right." *Lehman v. Cloniger*, 294 SO. 2d 344, 347 (Fla. 2st DCA 1974.

The County cites *North Port Bank v. State Department of Revenue*, 313 So.2d 683 (Fla. 1975), for the principle that the tenant must petition the court for a determination and cannot just take action at the trial. There the Court interpreted a statute which required a taxpayer to post the tax assessed or post a bond for the amount before allowing him or her to bring a court challenge. In order to find it constitutional, the Supreme Court interpreted the language of the statute and held that the taxpayer could petition the Court to determine what he or she needed to post. It approved the maxim in statutory construction that courts have the judicial obligation to sustain legislative enactments whenever possible. Not to have read in this principle would have made the statute unconstitutional as a violation of Article 1, Section 21, of the Constitution.

Having said this, the Court remanded the case to the Trial Court for hearing, presumably allowing the taxpayer to file a petition. This Court does not have the power to set up a procedure such as the preliminary hearing mentioned above, to make the statute unconstitutional. Therefore, in order to effect constitutionality, the Court can only direct litigants to bring the matter before the trial judge at the time of trial, which is what the defendant in this case did.

In *Moffett v. MacArthur*, 291 So. 2d 134 (Fla. 4th DCA 1974), the Court held in an attempt to interpret a similar statute that an announcement of ability to comply with the requirement to deposit money in order to obtain a jury trial was sufficient to prevent the court from denying a jury trial. As in this case, the statute's literal reading required a cost deposit at a not clearly stated time.

Whenever possible a statute must be given a construction consistent with the Constitution. "The Court should adopt a reasonable interpretation of a statute which removes its farthest from constitutional infirmity." *Corn v. State*, 332 So. 2d 4, 8 (Fla. 1976). When a statute is ambiguous it must be given an interpretation that does not deny a constitutional right. *Chatlos v. Overstreet*, 124 So. 2d 1 (Fla. 1960).

3. The practical effects of interpreting the statute should also be considered. The court's interpretation will not lead to any delay. The immediate default contemplated by § 83.60(2), F.S., would be one entered by the court, the clerk being prohibited from such entry by virtue of defendant's having filed an answer. Fla.R.Civ.P. 1.500(a). To obtain the default, notice of the application must be served on the

defendant. Fla.R.Civ.P. 1.500(b). The defendant would have an opportunity to post the money alleged or take other action in her defense. Rule 1.500(c). By the time the plaintiff would have been able to seek its default, the trial, advanced on the calendar as required by § 83.59(2), F.S., could have easily already occurred.

This interpretation will allow defendants, many of whom do not have funds to hire attorneys, to protect their rights with a common sense interpretation of § 83.60(2), F.S. Following this interpretation, the defendant complied with posting rent money due and owed and rent as it became due. Therefore, this cause is remanded for the trial court to proceed with hearing the case on its merits.

The Final Judgment for Possession is reversed and the defendant's pleadings are reinstated.

SALMON and KORNBLUM, JJ., CONCUR