PER CURIAM.
 

 Richard Allen Hill (“the father”) appeals from an order of child support. We reverse.
 

 The father and Vanessa Maria Calderin (“the mother”) were unmarried and had a child. Soon after the child’s birth, the father’s paternity was determined by court order. The parents were awarded shared parental responsibility and provided a schedule for the child to be with each parent on certain days.
 

 Several years later, the Florida Department of Revenue, on behalf of the mother, filed a petition for child support. The matter was referred to a general magistrate (“the GM”) who heard testimony from both parents. The GM determined that the child spent fifty percent of her time with each parent. Accordingly, the GM ruled that the child support guidelines totaled zero, and recommended no child support payments. The trial court ratified the GM’s recommendations.
 

 A few months thereafter, the father filed the instant action seeking sole parental responsibility for the child. The mother answered the father’s petition, and moved for child support. The father, pro se, requested that the mother’s motion for child support be dismissed for lack of subject matter jurisdiction. Attaching a copy of the order ratifying the GM’s recommendations, the father argued that the matter of child support had been fully determined in the prior action.
 

 Without ruling on the father’s jurisdictional objection, the trial court held an evidentiary hearing where both parties testified. The record contains no transcript of this hearing. However, the trial
 
 *854
 
 court thereafter entered an order directing the father to pay $305.50 per month in child support.
 

 On appeal, the father
 
 inter alia
 
 asserts that the trial court erred in entering an order of child support because the issue of child support previously had been resolved by a court order. The mother contends that this Court may not review the order under appeal because the father failed to provide a transcript of the eviden-tiary hearing. We agree with the father and reverse.
 

 Generally, where an appellant fails to provide the appellate court with a trial transcript, the trial court’s judgment must be affirmed.
 
 Applegate v. Barnett Bank of Tallahassee,
 
 877 So.2d 1150 (Fla.1979). Notwithstanding the absence of a transcript, however, an appellate court may review a lower court judgment for error apparent on its face.
 
 See Howle v. Howle,
 
 967 So.2d 435 (Fla. 4th DCA 2007);
 
 Kanter v. Ranter,
 
 850 So.2d 682 (Fla. 4th DCA 2003).
 

 Where an order determining child support exists, a trial court may not increase the amount of child support, except upon a petition for modification.
 
 Torres v. Torres,
 
 739 So.2d 599 (Fla. 2d DCA 1997). Moreover, the Florida Department of Revenue is authorized to file an action to recover child support on behalf of a dependent child’s custodian. § 409.2561, Fla. Stat. (2009);
 
 Lamm v. Chapman,
 
 413 So.2d 749 (Fla.1982).
 

 Here, the Florida Department of Revenue 'filed such an action on behalf of the mother. After an evidentiary hearing, the trial court determined that no child support payments were necessary because the child spent equal time with each parent. The mother did not appeal from this order. Additionally, she has not filed a petition for modification of child support based on a change of circumstances. Thus, the trial court erred in changing the prior child support determination without pleading or proof of changed circumstances.
 

 Accordingly, we reverse the trial court’s order directing the father to pay child support.
 

 Reversed and remanded.