# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-964
Lower Tribunal No. 08-19861
_____

**Michael A. Suarez,**
Appellant,

vs.

**Ines A. Orta,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Michael A. Suarez, in proper person.

Leonardo G. Renaud, for appellee.

Before SUAREZ, ROTHENBERG and SCALES, JJ.

PER CURIAM.

Appellant Michael A. Suarez appeals a final order of the Miami-Dade Circuit Court, entered on April 2, 2014, adopting a hearing officer's report and recommendations regarding child support and reimbursable expenses. For the reasons set forth below, we reverse and remand this matter to the trial court for further proceedings.

On May 18, 2010, the trial court entered a final judgment of dissolution of marriage between Suarez and Ines A. Orta. All pending matters regarding the couple's only child, including child custody and shared parental responsibility, were resolved, with the exception of child support and reimbursable expenses. The issues of child support and reimbursable expenses were referred to a hearing officer.

After holding two hearings, the hearing officer submitted his findings and recommendations to the court on March 17, 2014. That same day, Suarez filed a motion to vacate and set aside the findings of the hearing officer's report, the motion was not styled as exceptions to the hearing officer's report. Over Suarez's objection, the trial court, on April 2, 2014, entered a final order adopting the hearing officer's report, finding that no exceptions to the report were filed.

Pleadings by pro se litigants should only be defined by their function. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In particular, Florida courts emphasize substance over form. IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236

2

(Fla. 3d DCA 2012). As a general rule, if the motion is improperly titled, this Court will focus on the substance of the motion. Id. See also Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So. 2d 988, 992 (Fla. 1st DCA 2002) ("We agree that the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it.").

Suarez intended his motion to act as a timely filed exception to the report, pursuant to rule 12.490(f) of the Florida Family Law Rules of Procedure. The motion, albeit filed on the same day the report and recommendation was entered, was filed within the ten-day window prescribed by rule 12.490(f).

For these reasons, we reverse the trial court's April 2, 2014 order and remand with instructions for the trial court to treat Suarez's pro se "Motion to Vacate and Set Aside Findings" as a timely filed exception to the report pursuant to Florida Family Law Rule of Procedure 12.490(f).[1]

Reversed and remanded for proceedings consistent herewith.

---

[1] We express no opinion on the merits of Suarez's pro se motion.