# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2065
Lower Tribunal No. 13-695-K
_____

**David Lee Kidwell,**
Petitioner,

vs.

**Desiree Molina Kidwell,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

David Lee Kidwell, in proper person.

Lawrence E. Harkenrider, for respondent.

Before LAGOA, SALTER and SCALES, JJ.

PER CURIAM.

Petitioner David Lee Kidwell seeks a writ of prohibition, essentially

challenging a Final Judgment of Dissolution of Marriage with a Minor Child that

adjudicated issues of child support and parental responsibility. Kidwell asserts that the trial court lacked jurisdiction over the couple's child, pursuant to the Florida Uniform Child Custody Jurisdiction and Enforcement Act, Fla. Stat. § 61.501 - 61.542 (2014). We deny the petition.

The Florida Supreme Court has consistently recognized that the issuance of a writ of prohibition is an extraordinary measure and ought to be used only in very narrow circumstances. English v. McCrary, 348 So.2d 293, 296 (Fla. 1977). The writ of prohibition "is preventive and not corrective. . . . Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered." Id. at 296-97. See also State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974); State ex rel. R. C. Motor Lines, Inc. v. Boyd, 114 So.2d 169 (Fla. 1959).

In this case, the challenged final judgment was entered by the trial court before Kidwell filed a petition for a writ of prohibition. Thus, irrespective of any merit to Kidwell's petition, prohibition is not an available avenue to a remedy.

Additionally, we are without jurisdiction to treat the petition as an appeal under rule 9.040(c) of the Florida Rules of Appellate Procedure, because the petition was not timely filed. The trial court issued the final judgment on June 15, 2015. Kidwell filed the petition for a writ of prohibition on September 9, 2015,

2

well beyond the thirty-day jurisdictional window for an appeal of a final judgment. Fla. R. App. P. 9.110(b). Thus, we cannot review Kidwell's petition as an appeal.

Although pro se litigants are often given leniency on certain procedural technicalities in how they draft motions or request relief, they are still subject to the rules of procedure. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). "Notwithstanding the fundamental principle of allowing pro se litigants procedural latitude, a practice effected to ensure access to the courts for all citizens, pro se litigants are not immune from the rules of procedure." <u>Barrett v. City of Margate</u>, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999).

Petition denied.