# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1897
Lower Tribunal No. 15-17981
_____


**Arleen Hanna-Mack,**
Appellant,

vs.

**Bank of America, N.A., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Arleen Hanna-Mack, in proper person.

Liebler Gonzalez & Portuondo and Adam M. Topel, for appellee Bank of America, N.A.


Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Arleen Hanna-Mack, pro se, appeals an amended final order of dismissal with prejudice of her complaint against the appellee, Bank of America, N.A. ("Bank"), for trespass, an "illegal lock out," conversion of her personal belongings, invasion of privacy, and other allegedly-wrongful acts regarding her personal residence.[1] We reverse the order dismissing the complaint with prejudice, and we remand the case to permit Ms. Hack to amend the complaint if she elects to do so.

Our review of this record is de novo regarding the trial court's dismissal of the initial complaint. In reviewing the legal sufficiency of any cause of action asserted in the complaint, we consider only the four corners of the complaint (there were no attachments). We assume that all factual allegations by Ms. Hanna-Mack are true, and we construe all reasonable inferences from those allegations in her favor. Gogoleva v. Soffer, 187 So. 3d 268, 273 (Fla. 3d DCA 2016).

In considering Ms. Hanna-Mack's failure to file an amended complaint in 36 days after an initial dismissal order (explicitly without prejudice), our review is for an abuse of discretion. However, we have repeatedly held that the failure to amend after a first dismissal, despite leave to do so, does not support a final dismissal with prejudice, absent an express provision within the order specifying the deadline and

---

[1] The pro se complaint also named a predecessor lender, BAC Home Loans Servicing, L.P., later voluntarily dismissed by Ms. Hanna-Mack, and Safeguard Properties Management, LLC, which apparently was never served. The seven counts also include breach of contract, negligence, and a demand for punitive damages.

the consequence if timely amendment does not occur. <u>Kruger v. Kruger</u>, 124 So. 3d 1033, 1035 (Fla. 3d DCA 2013). There is no showing in this case that the "failure to amend was willful, deliberate, or contumacious." <u>Id.</u>

Regarding the trial court's notation on the order of dismissal with prejudice that Ms. Hanna-Mack "failed to appear after proper notice," the hearing was noticed by the Bank, not by the court. Ms. Hanna-Mack filed a motion for rehearing only seven days after the five-minute motion calendar hearing on the Bank's motion for the entry of a final order of dismissal. In the motion, Ms. Hanna-Mack set forth exigent circumstances which allegedly precluded her from attending the hearing referred to by the trial court in the order of dismissal with prejudice. This motion, too, was denied, and the trial court declined to reconsider its dismissal with prejudice.[2] Ms. Hanna-Mack's appeal followed.

Ms. Hanna-Mack's pro se brief argues that the trial court's refusal to vacate the order of dismissal with prejudice and to allow her to amend was an impermissible sanction under <u>Kozel v. Ostendorf</u>, 629 So. 2d 817, 818 (Fla. 1993). We need not reach that question, however, as Ms. Hanna-Mack's conduct was not violative of a court order. The questions before us are the legal sufficiency of her

---

[2] The circuit court docket includes Ms. Hanna-Mack's notice of hearing on her motion, which she attempted to place on the August 16, 2016, motion calendar. Her motion for rehearing was denied on August 4, 2016, and her attempt to schedule the hearing was rejected.

complaint and the denial of her promptly-filed motion for relief from the dismissal with prejudice.

The Bank's response argues first that Ms. Hanna-Mack failed to provide transcripts of the two motion calendar hearings on the Bank's motions to dismiss. While there is no transcript of those hearings, see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), this is not fatal to appellate review because the errors in the present case are apparent on the face of the record. Hill v. Calderin, 47 So. 3d 852, 854 (Fla. 3d DCA 2010).

The Bank also defends the original dismissal of all seven counts alleged in the complaint. Under the de novo standard of review applicable to her complaint, however, several of the counts should have survived the dismissal motion. The Bank maintained that a pending foreclosure action authorized entry to Ms. Hanna-Mack's residence, but that is not discernible from the four corners of the complaint.[3] The allegations of unauthorized entry and conversion of personal property, assumed to be true at this stage, are a legally sufficient basis for relief unless and until the Bank proves otherwise.

---

[3] The complaint alleges that the Bank filed a mortgage foreclosure action against the residence in 2008, but also alleges that "the residence was not in foreclosure process and proceeding at the time" (referring to the 2011 alleged break-in and conversion by the Bank and its agents). That residence is still her service address, in both the circuit court and here.

Ms. Hanna-Mack is entitled to have her pleadings construed liberally. Montesinos v. State, 143 So. 3d 1055, 1056 (Fla. 3d DCA 2014). If a pro se motion is improperly titled, the court should focus on the substance of the motion, based on its content. Suarez v. Orta, 176 So. 3d 327, 328 (Fla. 3d DCA 2015). Florida courts emphasize substance over form. Id. Pro se litigants are also afforded leniency on certain procedural technicalities in drafting motions and requesting relief. Kidwell v. Kidwell, 181 So. 3d 1190, 1190 (Fla. 3d DCA 2015). This leniency promotes the courts' fundamental principle of allowing pro se litigants "procedural latitude, a practice effected to ensure access to the courts for all citizens," id., although pro se litigants are still subject to procedural rules.[4] Id. Against this background, Ms. Hanna-Mack's "Motion for Hearing," filed and served promptly after the dismissal with prejudice, was sufficient to merit relief. It was timely, and it tracked the language of the rule under which she was requesting relief.

For these reasons, we reverse the final order of dismissal with prejudice. We remand for the court to permit Ms. Hanna-Mack to amend her complaint. In the event the Bank seeks dismissal of any such amended complaint, any order of

---

[4] We note the certificates of indigency filed by Ms. Hanna-Mack in this Court and in the circuit court. Because of the difficulties in proceeding pro se, we commend to her the volunteer, "pro bono" attorneys and self-help information available through various websites (accessible through any Miami-Dade Public Library branch public-access computer), such as www.dadecountyprobono.org, www.legalservicesmiami.org, or www.3dca.flcourts.org/SelfHelp/SelfHelp.shtml.

dismissal shall identify those counts determined to be legally insufficient so as to facilitate further review, if sought. We express no opinion regarding the ultimate merits of any such amended complaint or any further rulings by the trial court.

Reversed and remanded for further proceedings.