# Third District Court of Appeal

## State of Florida

Opinion filed December 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2072
Lower Tribunal No. 16-16403
_____


**Rajnauth Bisnauth,**
Appellant,

vs.

**Sarah Leelum,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Michelle Alvarez Barakat, Judge.

Rajnauth Bisnauth, in proper person.

Sarah Leelum, in proper person.


Before EMAS, FERNANDEZ and SCALES, JJ.

PER CURIAM.

Because appellant has failed to provide a transcript of the final hearing or an otherwise adequate record for our review, a presumption of correctness attaches to the trial court's order. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding: "When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal"). Our review is limited to whether any error is apparent on the face of the order on appeal. Hill v. Calderin, 47 So. 3d 852, 854 (Fla. 3d DCA 2010) (holding: "Generally, where an appellant fails to provide the appellate court with a trial transcript, the trial court's judgment must be affirmed. Notwithstanding the absence of a transcript, however, an appellate court may review a lower court judgment for error apparent on its face") (citations omitted).

Finding no such error, we affirm.