# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1280
Lower Tribunal No. 16-29615
_____


**Isabel Del Pino-Allen,**
Appellant,

vs.

**Juan Santelises,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Isabel Del Pino-Allen, in proper person.

Allen, Norton & Blue and Luke Savage and Jenna N. Kochen, for appellee.


Before SUAREZ, LAGOA and SALTER, JJ.

SALTER, J.

Isabel Del Pino-Allen, a non-lawyer representing herself in this Court and in the circuit court case in which she was the plaintiff, appeals an order dismissing

her complaint with prejudice. We reverse and remand the case for further proceedings.

Ms. Pino-Allen was a professor at Miami Dade College. After issuing a statutory notice[1] regarding a public communication alleged to be false and defamatory, Ms. Pino-Allen sued another Miami Dade College professor and former colleague, defendant/appellee Juan Santelises, for slander. Ms. Pino-Allen alleged that Mr. Santelises made numerous false, malicious, and defamatory claims to the administration of Miami Dade College beginning in early 2015. Her complaint alleged that Mr. Santelises's statements were untrue, that they included allegations of "frequent acts of indecent exposure" in public, and that later those untrue statements became a reason provided by Miami Dade College for firing her in May 2015.

According to the complaint, Mr. Santelises worked with Ms. Pino-Allen and others on a textbook. He was not her supervisor. Ms. Pino-Allen alleges that Mr. Santelises made the false and defamatory statements regarding her in retaliation for her criticism of mistakes purportedly made by Mr. Santelises in part of the textbook.

---

[1] § 770.01, Fla. Stat. (2015).

Mr. Santelises filed a motion to dismiss the complaint based on his alleged status as a "public official" entitled to absolute immunity. The trial court granted the motion to dismiss with prejudice, and this appeal followed.

Analysis

Our review of the dismissal order is de novo. Kendall S. Med. Ctr., Inc. v. Consol. Ins. Nation, Inc., 219 So. 3d 185, 188 (Fla. 3d DCA 2017). In considering the motion to dismiss, the trial court is limited to the four corners of the complaint, must accept all allegations within the complaint as true, and must draw all inferences in favor of the non-moving party. Id.

Pro se pleadings are to be construed liberally, and pro se litigants should be afforded "procedural latitude," though still subject to applicable procedural rules. See Hanna-Mack v. Bank of Am., N.A., 218 So. 3d 971, 973 (Fla. 3d DCA 2017). Here, though occasionally imprecise, Ms. Pino-Allen's pro se complaint pled the elements of defamation: (1) publication; (2) falsity; (3) negligence (when the plaintiff is a private person); (4) damages; and (5) the defamatory nature of the statement. Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

Mr. Santelises's claim of absolute immunity is not discernible from the four corners of the complaint and applicable precedent, at this procedural juncture. It has not been established that Mr. Santelises occupies a high-ranking, political position within a governmental entity, or that he was required by administrative

3

rule to evaluate the job performance of Ms. Pino-Allen. See City of Miami v. Wardlow, 403 So. 2d 414, 416 (Fla. 1981). Nor do the four corners of the complaint establish that Mr. Santelises's allegedly defamatory statements all were made within the course and scope of his supervisory or other duties and some special position or status. Cassell v. India, 964 So. 2d 190, 193-94 (Fla. 4th DCA 2007).

In Albritton v. Gandy, 531 So. 2d 381 (Fla. 1st DCA 1988), a county commissioner allegedly engaged in a personal vendetta against a lower-level county employee and sought to have the employee fired. The communications were not privileged because the commissioner was not in charge of hiring and firing employees; there was no official purpose for his statements.

Factual issues outside the four corners of the complaint may crystallize such matters as the scope of Mr. Santelises's duties, the timing and recipient(s) of his allegedly-defamatory statements, the timing of any official investigation of any of the allegations by the employer, and the basis for characterizing a professor at Miami Dade College as a "public official." For the present, however, Ms. Pino-Allen's pro se complaint sufficiently alleges defamation—though we express no opinion as to the merits of such allegations—and Mr. Santelises has not established a basis for dismissal with prejudice at this procedural stage of the case.

4

Reversed and remanded for reinstatement of the complaint and for further proceedings.