# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-795
Lower Tribunal No. 17-5683
_____

**James Wilcox,**
Appellant,

vs.

**State of Florida, Department of Revenue, and Maritza Couch,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Martin Shapiro, Senior Judge.

James Wilcox, in proper person.

Ashley Moody, Attorney General, and Toni C. Bernstein (Tallahassee), Senior Assistant Attorney General, for appellee Department of Revenue.


Before EMAS, C.J., and LOGUE and HENDON, JJ.

PER CURIAM.

James Wilcox appeals from a final order entered after an evidentiary hearing held before a child support hearing officer. Wilcox raises three issues, two of which involve evidentiary rulings and factual determinations. As to these two issues, the record on appeal is insufficient to permit meaningful appellate review. Because Wilcox failed to provide a transcript of the evidentiary hearing, we must affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding: "In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.")

However, the absence of a transcript is not fatal to our review of the third issue, which alleges an error on the face of the final order. See Hanna-Mack v. Bank of America, N.A., 218 So. 3d 971 (Fla. 3d DCA 2017); Hill v. Calderin, 47 So. 3d 852 (Fla. 3d DCA 2010) (holding that even in the absence of a transcript, an appellate court may consider an error that is apparent on the face of the judgment). Wilcox contends that the order is erroneous on its face because it awards

retroactive child support for a time period that precedes the child's birth. Having reviewed the order, however, we find Wilcox's contention is without merit.

We first note that the child was born on September 22, 2016, and the petition was filed on February 7, 2018. Under section 61.30(17), Florida Statutes (2018),[1] a court has the discretion to award retroactive child support up to 24 months prior to the date of the filing of the petition. In the instant case, if retroactive child support had been awarded for the full 24-month period preceding the filing of the petition, this would date back to February 7, 2016, more than

_____

[1] That subsection provides:

> In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. In determining the retroactive award in such cases, the court shall consider the following:
>
> (a) The court shall apply the guidelines schedule in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income, as defined by subsection (2), during the retroactive period. Failure of the obligor to so demonstrate shall result in the court using the obligor's income at the time of the hearing in computing child support for the retroactive period.
>
> (b) All actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period.
>
> (c) The court should consider an installment payment plan for the payment of retroactive child support.

seven months before the child was born. And although the order does state that retroactive child support "is calculated back two (2) years prior to the date of filing" (which would mean February 7, 2016), when read in context, we conclude there is no error. The entirety of that portion of the order provides:

> The retroactive child support is calculated back two (2) years prior to the date of filing, **which is September 22, 2016** [i.e., the date of the child's birth]. The retroactive child support is set at $8182.18 as of February 07, 2018 [i.e., the date of the filing of the petition].

(Emphasis added.)

Although the order is far from a model of clarity, we find that on the face of the order, retroactive child support was awarded only from the date of the child's birth (September 22, 2016) to the date of the filing of the petition (February 7, 2018), a period of time authorized by section 61.30(17).

Affirmed.