DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOTE WELLNESS & REHAB, INC.,** a/a/o **FRED BIRKENFELD,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellee.

No. 4D21-440

[November 24, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case Nos. 50-2012-SC-19221-XXXX-SB and 50-2020-AP-76-CAXX-MB.

Virginia M. Best and Johanna M. Menendez of Best & Menendez, Miami, for appellant.

Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Christopher L. Kirwan and Maria F. Pero of Kirwan Spellacy Danner Watkins & Brownstein, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Mote Wellness & Rehab, Inc. ("the Provider") appeals an order from the county court *sua sponte* dismissing its action with prejudice for lack of prosecution. We reverse because there was record activity and, even if there was no record activity, the county court failed to give the Provider proper notice before dismissing the case.

The Provider filed suit against State Farm Mutual Automobile Insurance Company ("State Farm") in small claims court for unpaid PIP benefits. The parties agreed to invoke the Florida Rules of Civil Procedure, thereby eschewing the small claims rules. In April 2020, without providing notice, the court *sua sponte* dismissed the Provider's action with prejudice for lack of prosecution. In the order, the court stated that "there had been no record activity within 180 days." Notably, the docket reflects a notice of unavailability was filed by State Farm in September 2019, seven months prior to entry of the dismissal order.

On the same day the court entered the dismissal order, the Provider filed a "Motion to Re-Open Case and Notice of Filing Proof of Good Cause with Court Order Dated April 16, 2020."[1] Therein, the Provider argued the court failed to provide notice of record inactivity as required under Florida Rule of Civil Procedure 1.420(e) before dismissing the action for failure to prosecute. The court denied the motion, reasoning the Provider "did not establish good cause for failing to prosecute for a period of more than one year." This appeal follows.[2]

Florida Rule of Civil Procedure 1.420(e), which governs the dismissal of actions for failure to prosecute, provides in relevant part that "[i]n all actions in which it appears on the face of the record that no activity . . . has occurred for a period of 10 months, . . . any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred." The purpose of rule 1.420(e)'s notice requirement is "to allow the party to engage in record activity so as to avoid a dismissal for lack of prosecution." *Citibank, N.A. v. Konigsberg,* 149 So. 3d 1185, 1186 (Fla. 2d DCA 2014). A court's failure to provide the requisite notice prior to *sua sponte* dismissing an action for lack of prosecution constitutes reversible error. *See Pernas v. Gen. Impact Glass & Windows, Corp.,* 325 So. 3d 332, 332 (Fla. 3d DCA 2021) ("In these circumstances, where the record is devoid of the required notice to the parties required by Rule 1.420(e), we can only conclude the dismissal was entered in error."); *Hernandez v. Ibrahim,* 305 So. 3d 661, 662 (Fla. 3d DCA 2020) (trial court erred where it dismissed case for failure to prosecute without first providing plaintiff with notice of record inactivity or the opportunity to be heard); *see also Fed. Nat'l Mortg. Ass'n v. Sanchez,* 187 So. 3d 341, 342 (Fla. 4th DCA 2016) ("Due process requires notice and an opportunity to be heard prior to dismissal."); *Crescenzo v. Marshall,* 199 So. 3d 353, 355–56 (Fla. 2d DCA 2016) ("[A] court's failure to provide notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal violates the plaintiff's due process rights." (citation and internal quotation marks omitted)).

---

[1] Although labeled a motion to "re-open case," the substance of the motion sought rehearing of the court's dismissal order. *See Suarez v. Orta,* 176 So. 3d 327, 328 (Fla. 3d DCA 2015) ("As a general rule, if the motion is improperly titled, this Court will focus on the substance of the motion."); *IndyMac Fed. Bank FSB v. Hagan,* 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012) ("With respect to the characterization of motions, Florida courts place substance over form.").

[2] A dismissal for lack of prosecution is a final order for purposes of appellate review. *See Swait v. Swait,* 958 So. 2d 552, 553 (Fla. 4th DCA 2007).

In the present case, the record on appeal contains no notice to the Provider of the court's intent to consider dismissing the case for failure to prosecute. Accordingly, the dismissal order was entered in error. *See Pernas*, 325 So. 3d at 332; *Hernandez*, 305 So. 3d at 662; *Crescenzo*, 199 So. 3d at 355–56.

To further compound the error, the court incorrectly applied the small claims rules rather than the Florida Rules of Civil Procedure in determining the timeframe within which record activity must have occurred. Specifically, the court applied the six-month timeframe provided for in the small claims rule, *see* Fla. Sm. Cl. R. 7.110(e), as opposed to the ten-month timeframe provided for in rule 1.420(e). As the parties invoked the Florida Rules of Civil Procedure, the court was required to apply rule 1.420(e). Had the court applied the correct rule, dismissal for failure to prosecute would not have been permitted as there was record activity within the ten-month period prior to entry of the dismissal order, namely the filing of State Farm's counsel's notice of unavailability. *See Weston TC LLLP v. CNDP Mktg. Inc.*, 66 So. 3d 370, 371–72 (Fla. 4th DCA 2011) (the filing of a notice of absence and unavailability of counsel is sufficient record activity to avoid dismissal for lack of prosecution), *not followed on other grounds in Waldeck v. MacDougall*, 300 So. 3d 1218 (Fla. 4th DCA 2020); *Anthony v. Schmitt*, 557 So. 2d 656, 659 (Fla. 2d DCA 1990) (recognizing that a "plaintiff can rely upon the activities of others to constitute record activity").

Accordingly, we reverse the order dismissing the action for lack of prosecution and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

CONNER, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3