# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0611
Lower Tribunal No. 20-8083
_____

**Aliner J. Harris,**
Appellant,

vs.

**HGA-Land Holdings, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Aliner J. Harris, in proper person.

Tepps Treco and William A. Treco (Plantation), for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

PER CURIAM.

Upon our de novo review, we affirm the trial court's entry of final

summary judgment quieting title and partitioning property pursuant to sections 733.105(3), 64.051, and 64.071, Florida Statutes (2021). The partial record before us lacks a transcript of the hearing and does not reflect the filing of any response or affidavit in opposition to the summary judgment motion below. "It is the responsibility of the appellant to ensure that a record adequate to permit resolution of the issues raised on appeal is prepared and transmitted to the appellate court." Morgan v. Pake, 611 So. 2d 1315, 1316 (Fla. 1st DCA 1993) (citing Fla. R. App. P. 9.200(e)); see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (explaining that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error," so "the lack of a trial transcript or a proper substitute" results in record that is "inadequate to demonstrate reversible error" and requires affirmance); Butler v. Metropolitan Dade County, 298 So. 2d 552, 552-53 (Fla. 3d DCA 1974) (affirming final summary judgment because material portions of record upon which trial court based its findings were omitted on appeal); see also Kidwell v. Kidwell, 181 So. 3d 1190, 1190 (Fla. 3d DCA 2015) ("Notwithstanding the fundamental principle of allowing pro se litigants procedural latitude, a practice effected to ensure access to the courts for all citizens, pro se litigants are not immune from the rules of

2

procedure." (quoting <u>Barrett v. City of Margate</u>, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999))).

Affirmed.