# Third District Court of Appeal

## State of Florida

Opinion filed November 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0168
Lower Tribunal No. 23-5059 CC
_____


**Elizabeth Estevill**,
Appellant,

vs.

**Tomas Estevill**,
Appellee.


An Appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

Law Office of Alexander Borell, and Alexander Borell, for appellant.

Feinstein & Mendez, P.A., and Brett Feinstein and Daniela Cardenas Capote, for appellee.


Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Elizabeth Estevill ("Elizabeth") appeals from a final judgment of unlawful detainer rendered by the county court in favor of Tomas Estevill ("Tomas"), her uncle. Elizabeth contends that the county court was without subject-matter jurisdiction because she alleged, in her pro se answer and affirmative defenses, an equitable ownership interest in the property, thus requiring transfer of this action to the circuit court, with exclusive jurisdiction to adjudicate this as an ejectment action, as provided by section 26.012(2)(f), Florida Statutes (2023). We agree, and for the reasons that follow, we vacate the final judgment and remand with directions to transfer the cause to the circuit court.

## FACTUAL AND PROCEDURAL HISTORY

Tomas is the title holder of a property in Hialeah ("the Property"). In 1997, he allowed his niece Elizabeth and her family to move into the Property without any written agreement. In January 2023, he revoked his consent for Elizabeth and her family to live in the Property, and demanded that she vacate. She refused.

Tomas first filed an eviction action in county court against Elizabeth, but when that action was dismissed by the court for failure to plead the proper

2

cause of action, he filed (also in county court), a complaint for unlawful detainer pursuant to section 82.03, Florida Statutes (2023).

Elizabeth initially proceeded pro se, filing a handwritten answer and affirmative defenses to the complaint. Elizabeth alleged that she was the only person residing in the Property for the past 27 years, and that Tomas never lived there. Pertinent to this appeal, Elizabeth's pleading further alleged that:

● She paid in full "since pre-construction all deposits, down payments, appliance fees, commodity fees, and their closing costs";

● She has "always had interest in ownership of the property and paid the mortgage for 25 years."

● The Property "was put in Tomas' name when purchased because the FHA loan mortgage required a longer employment history than [she] had at the moment."

● "This was done with the premise of the house being moved to under my name."

Tomas filed a motion for summary judgment on his unlawful detainer action. Thereafter, Elizabeth hired an attorney, who filed evidence in response to the summary judgment motion and to further support Elizabeth's claim that she had made mortgage payments, and had paid taxes, insurance, association dues and utilities on the Property. The written response to the

3

motion for summary judgment re-asserted that Elizabeth had an equitable interest in the Property, and that the intention of the parties was that the title of the Property would be transferred to Elizabeth.

Elizabeth also filed the affidavit of her friend, Gricel Barrios, who worked for the developer of the Property, and who averred that Elizabeth came into the office and executed a contract to purchase the Property, but could not qualify for financing and convinced her uncle Tomas to act as a "strawman" to purchase the Property, but that Tomas never lived there and breached their agreement. Elizabeth's daughter (Elizabeth Morales) also provided an affidavit, averring that Tomas has never lived at the property and that "my mother has made almost every single payment of the mortgage and all of the other expenses of our house and has only failed to do so because my uncle, Tomas Estevill, prevented her from doing so."

The trial court did not rule on the motion for summary judgment, instead setting the matter for trial. Following a two-day nonjury trial,[1] the trial court

---

[1] The record on appeal does not contain a transcript of the nonjury trial. However, this is not fatal to the issue presented, because the question of subject matter jurisdiction is to be decided de novo, is not waivable, and can be raised for the first time on appeal. See Page v. Deutsche Bank Trust Co. Americas, 308 So. 3d 953, 960 (Fla. 2020) ("Subject-matter jurisdiction is universally acknowledged to never be waivable."); Colucci v. Greenfield, 547 So. 2d 224, 225 n.1 (Fla. 3d DCA 1989) ("The law is well-settled that the trial court's subject matter jurisdiction may be raised at *any* time.")

4

entered final judgment in favor of Tomas, finding an unlawful detainer by Elizabeth, and rejecting her claim of equitable ownership interest, concluding it was not pled.[2]  The final judgment also indicated that, on the merits, the evidence presented was insufficient to entitle her to an ownership interest in the Property.

Elizabeth moved for reconsideration, arguing, for the first time, that the county court was without subject-matter jurisdiction because she had asserted an equitable ownership interest in the property. The motion was denied, and this appeal followed.  Our standard of review of this question is de novo.  See Golden Cape of Fla., Inc. v. Ospina, 324 So. 3d 558, 559 (Fla. 3d DCA 2021) ("Whether a court has subject matter jurisdiction involves a question of law, thus, is reviewed de novo.")

**ANALYSIS AND DISCUSSION**

As provided in section 82.01(4), Florida Statutes (2023): "'Unlawful detention' means possessing real property, even if the possession is temporary or applies only to a portion of the real property, without the consent of a person entitled to possession of the real property or after the withdrawal of consent by such person."

---

[2] Given our disposition of this matter, we do not reach, and express no opinion regarding, the merits of Elizabeth's claim of equitable ownership interest.

5

A person entitled to possession of the property "has a cause of action against a person who obtained possession of that real property by . . . unlawful detention and may recover possession and damages." § 82.03(1), Fla. Stat. (2023). See also § 82.04, Fla. Stat. (2023) (providing that in an unlawful detainer action: "The court shall determine only the right of possession and any damages.")

Importantly, although the county court has exclusive jurisdiction over unlawful detainer actions such as the one filed by Tomas, where a defendant asserts "an equitable ownership interest in the property, the matter sound[s] in ejectment," and "the circuit courts of this state have 'exclusive original jurisdiction' over ejectment actions." Thompson v. Thompson, 342 So. 3d 818, 820 (Fla. 3d DCA 2022).

As we explained in Thompson: "'Unlawful detention is a statutory action created under chapter 82,' the essence of which is a claim for 'unlawful withholding of possession by the defendant,' The issue raised by a claim of unlawful detainer is one of **possession, not ultimate title** to the property." (emphasis added) (internal citations omitted). See § 26.012(2)(f), Fla. Stat. (2023) (providing: "Circuit courts shall have exclusive original jurisdiction. . . [i]n actions of ejectment"). See also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1250 (Fla. 2008) ("Florida's county courts lack

6

subject-matter jurisdiction to entertain ejectment actions."); <u>Babcock v. Golden Acres South, LLC</u>, 361 So. 3d 406 (Fla. 5th DCA 2023) (same).

Where a final judgment is entered by the county court in an ejectment action, the judgment is void. <u>Thompson</u>, 342 So. 3d at 821. Void judgments may be attacked at any time. <u>Id.</u> at 820, n.2 (holding "the issue of subject matter jurisdiction may be considered by an appellate court even though raised for the first time on appeal"); <u>Metro. Mortg. Co. of Miami v. Rose</u>, 353 So. 3d 1230 (Fla. 3d DCA 2022); <u>Strommen v. Strommen</u>, 927 So. 2d 176, 179 (Fla. 2d DCA 2006) ("[Subject matter jurisdiction] cannot be conferred by waiver, acquiescence, or agreement of the parties. A trial court's lack of subject matter jurisdiction makes its judgments void, and a void judgment can be attacked at any time, even collaterally.") (internal citation omitted); Fla. R. Civ. P. 1.540(b)(4). Thus, Elizabeth's failure to raise this issue before the trial court's entry of final judgment is not fatal to her appeal.

The question then is whether, in her responsive pleadings to the unlawful detainer complaint, Elizabeth adequately alleged an equitable ownership interest in the Property such that the circuit court's exclusive subject-matter jurisdiction was invoked, requiring the county court to transfer the action to circuit court as an ejectment action rather than adjudicating it in

7

the county court as an unlawful detainer action. We answer that question in the affirmative.

Elizabeth's pleadings alleged that she paid in full "since pre-construction all deposits, down payments, appliance fees, commodity fees, and their closing costs;" she "always had interest in ownership of the property and paid the mortgage for 25 years;" the Property "was put in Tomas' name when purchased because the FHA loan mortgage required a longer employment history than [she] had at the moment;" and that "this was done with the premise of the house being moved to under my name."

We hold that these allegations were sufficient to assert a claim of equitable ownership interest in the Property. Although Elizabeth did not actually use the word "equitable" in her pro se pleading, the sum and substance of her allegations are sufficiently clear; any requirement of an invocation of magic words or talismanic language would promote form over substance, and would be contrary to the leniency courts have historically afforded pro se litigants in these circumstances. See Hanna-Mack v. Bank of America, N.A., 218 So. 3d 971, 973-74 (Fla. 3d DCA 2017) ("Pro se litigants are also afforded leniency on certain procedural technicalities in drafting motions and requesting relief. Kidwell v. Kidwell, 181 So. 3d 1190, 1190 (Fla. 3d DCA 2015). This leniency promotes the courts' fundamental

principle of allowing pro se litigants 'procedural latitude, a practice effected to ensure access to the courts for all citizens,' id., although pro se litigants are still subject to procedural rules.")

We further note that "Florida law has no clear standard for determining whether someone is the equitable or beneficial owner of property nominally owned by another; the cases are fact specific, and the most critical factor usually is control, and a second factor is who is receiving the benefits of the asset." Fla. Jur. Property § 13 Title to Property, generally; equitable title. See also In re Trujillo, 626 B.R. 59 (Bankr. S.D. Fla. 2019). "'Equitable title' has also been defined to be a right, imperfect at law, but which may be perfected by the aid of a court of chancery by compelling parties to do that which in good faith they are bound to do, or removing obstacles interposed in bad faith to the prejudice of another." Tyler v. Price, 821 So. 2d 1121, 1125-26 (Fla. 4th DCA 2002) (quoting George E. Sebring Co. v. O'Rourke, 134 So. 556, 559-60 (Fla. 1931)).

In Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007), this court held that the defendant's answer "that she was not a tenant and that she had an equitable interest in the property," required the county court to transfer the action to circuit court as an ejectment action rather than adjudicating the case. In like fashion, Elizabeth's answer to the unlawful

9

detainer complaint alleges that she "never had a lease agreement nor rented from" Tomas, that she has "always had interest in ownership of the property," and that the title to the Property was to be transferred into her name. See also Thompson, 342 So. 3d at 820; Mesnikoff v. FQ Backyard Trading, LLC, 239 So. 3d 765, 770 (Fla. 3d DCA 2018) (equitable interest found where defendant alleged in his answer that he was not a tenant, had a joint bank account with title holder from which all property expenses were paid and he alleged title owner promised him he could live in the condominium for the rest of his life). Under these circumstances, these allegations were adequate to allege an equitable interest in the property, requiring the trial court to transfer of the action from the county court to the circuit court to be adjudicated as an ejectment action.

## CONCLUSION

Accordingly, because Elizabeth adequately pled an equitable ownership interest in the Property in her response to the complaint, the county court was without subject-matter jurisdiction to adjudicate the action, and the case should have been transferred to the circuit court to proceed as an action in ejectment. The final judgment, entered without subject-matter jurisdiction is therefore void. We vacate the final judgment and remand with

directions to transfer the cause to the circuit court, and for further proceedings consistent with this opinion.

Reversed and remanded.