# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1313
LT Case No. 2023-DR-003120

_____

AARON BILLMAN,

    Appellant,

    v.

CASSIE BILLMAN,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
Charles L.W. Helm, Judge.

Clayton M. Emrick, of Emrick Family Law Firm, Clermont,
for Appellant.

W. Scott Wynn, Groveland, for Appellee.

June 19, 2026

SOUD, J.

Appellant Aaron Billman appeals the final judgment dissolving his three-year marriage to Appellee Cassie Billman.[1] We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b). We affirm in all points, save one. We reverse and remand for entry of a new final judgment that corrects—in a

---

[1] Cassie Billman has not filed an answer brief in this appeal.

manner deemed appropriate by the trial court—certain internal inconsistencies within the judgment that appear to be the result of final drafting or editing of the judgment before us.

While Aaron Billman raises numerous claims of error, his failure to provide a transcript of pertinent proceedings is fatal to all but one of his claims. It is a "fundamental principle of appellate review" that Aaron Billman as the appellant must demonstrate reversible error in a manner sufficient to overcome the weighty presumption of correctness that adorns a trial court's judgment under review. *See Casiano v. Casiano*, 370 So. 3d 991, 995 (Fla. 5th DCA 2023) (quoting *Thurman v. Davis*, 321 So. 3d 341, 343–44 (Fla. 1st DCA 2021)). To that end, he "has the burden of providing a proper record to the reviewing court, and the failure to do so is **usually fatal** to the appellant's claims." *Id.* at 996 (quoting *Esaw v. Esaw*, 965 So. 2d 1261, 1264–65 (Fla. 2d DCA 2007)).

In the absence of a proper record, our review is limited to those errors appearing on the face of the judgment. *See id.* at 995; *see also Hill v. Calderin*, 47 So. 3d 852, 854 (Fla. 3d DCA 2010) ("Notwithstanding the absence of a transcript, however, an appellate court may review a lower court judgment for error apparent on its face."); *Mobley v. Mobley*, 18 So. 3d 724, 725 (Fla. 2d DCA 2009). Aaron Billman argues that the trial court erred in entry of that final judgment because, *inter alia*, certain findings and/or provisions regarding parental responsibility and timesharing are "internally inconsistent."

Initially, we note that after weighing the factors required by section 61.13, Florida Statutes (2023), and concluding that those factors weigh in favor of Cassie Billman, the trial court determined in its judgment that "[t]he Parenting Plan . . . proposed by [Cassie Billman] is appropriate." The judgment does not expressly adopt or otherwise attach the parenting plan. Nonetheless, Aaron Billman in his arguments asserts that the parenting plan was adopted by the trial court.

While not attaching a parenting plan, the final judgment does provide numerous provisions regarding parental responsibility and timesharing with the parties' two minor children. Pertinent for our purposes, the judgment provides:

2

> The parties shall have Shared Parental Responsibility of their minor children pursuant to 61.13, Florida Statutes regarding all major issues effecting [sic] the *general welfare of the minor children* which shall include, but shall not be limited to, future issues regarding school; education; third party care; extracurricular activities; travel; and *any other future issued* [sic] *materially effecting* [sic] *the general welfare of the minor children.*

In the next paragraph, however, the judgment also states that Cassie Billman "shall have Sole Parental Responsibility of their minor children pursuant to 61.13, Florida Statutes[,] regarding all medical, dental or healthcare decisions or *matters effecting* [sic] *the general welfare of the minor children.*" These two provisions plainly conflict with one another.

Later in its final judgment, the trial court established the timesharing schedule with the minor children, including that which is to apply during the "traditional school year." The "traditional school year" schedule provides that "the minor children shall be with the Mother during the week and alternating weekends and with the Father every other weekend." Yet, when providing timesharing for the children's "traditional summer school break," the court provided that:

> [The "traditional school year" provision] shall be suspended. The parties shall continue with the traditional school year time sharing whereby the minor children are with the Mother during the week and alternating weekends and with the Father every other weekend. exercise [sic] week to week timesharing the entire summer until such time as summer break concludes at which time [the traditional school year timesharing schedule] shall be reinstated. [sic].

Thus, while we may be able to anticipate what the trial court intended, this provision concerning timesharing during the summer break is unclear and fails to adequately declare to the parties the timesharing by which they are to be guided.

3

As a result of the failure to attach a parenting plan and the inconsistencies that create a material deficiency in the final judgment's provisions governing parental responsibility and timesharing, the final judgment is legally insufficient to comply with the requirements of section 61.13(2)(a)–(b), Florida Statutes. *See Magdziak v. Sullivan*, 185 So. 3d 1292, 1293 (Fla. 5th DCA 2016).

Accordingly, the final judgment of dissolution of marriage is REVERSED and the case REMANDED to the trial court for entry of a final judgment to include a parenting plan or provisions contained within the judgment that fully satisfy the dictates of section 61.13(2)(a)–(b), Florida Statutes.[2]

It is so ordered.

JAY, C.J., and HARRIS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[2] We emphasize that we do not conclude that a particular decision of the trial court was erroneous, but rather that the final judgment as written fails to comply with Chapter 61, Florida Statutes.